## CURRY v. STEVENSON.

Court of Appeals of District of Columbia.
Submitted April 4, 1928.    Decided
May 7, 1928.

No. 4642.

I. Automobiles ⚖⇒242(6)—Proof of ownership of automobile driven on highway warrants inference that it was in owner's possession, either personally or through his servant.

Proof of ownership of automobile that had been driven on public highway warrants inference that it was in owner's posession, either personally or through his servant, as driver, and that driver was acting within scope of his employment.

2. Evidence ⚖⇒333(1)—Public records afford evidence of ownership of automobiles.

Automobiles must be registered, and therefore public records afford evidence of ownership.

3. Automobiles ⚖⇒245(26)—Possession of automobile at time of accident is for court, where prima facie inference from fact of ownership is overcome by uncontradicted proof.

Where prima facie inference of possession of automobile at time of accident, arising from fact of ownership, is overcome by uncontradicted proof that in fact the automobile was not in possession of owner or his servant or agent, the question is one for the court, and not for the jury.

4. Automobiles ⚖⇒245(26)—Evidence as to possession of automobile by one other than owner at time of accident required directed verdict for owner, sued for personal injuries resulting.

In action for damages for personal injuries resulting when struck by an automobile, evidence relative to possession of automobile by one other than owner at time of accident held such as to require directed verdict for defendant, since owner was not liable for injuries resulting at time automobile was in possession of another and driving it on a mission of his own.

Appeal from Supreme Court of District of Columbia.

Action by Harrison Stevenson against Lawrence Curry. Judgment for plaintiff, and defendant appeals. Reversed and remanded for a new trial.

Foster Wood, of Washington, D. C., for appellant.

Geo. E. C. Hayes, of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a judgment in the Supreme. Court of the District in an action by the appellee (plaintiff below) against the appellant (defendant below) for damages for personal injuries suffered by plaintiff through being struck by an automobile belonging to the defendant. At the close of the evidence, defendant moved for a directed verdict. The motion was overruled, and the jury found in favor of the plaintiff in the sum of $3,500.

Evidence for plaintiff was as follows: Between 10:30 and 11 o'clock on the evening of May 25, 1924, plaintiff and his wife were crossing the intersection of Thirteenth and S Streets, Northwest, in this city, when an automobile making about 40 miles per hour and giving no warning ran into plaintiff, inflicting serious injuries. A Dr. Rogers, who saw the accident, testified that he followed the car "and stopped it at Eleventh Street and Rhode Island Avenue, Northwest, telling the driver he had run into a man; that the driver said he would drive back, but turned into a side street and disappeared." Dr. Rogers took the license number of the automobile and reported it at a police station. This automobile had been registered in the name of defendant. Thereupon plaintiff rested.

Defendant testified that he lived at No. 775 Fairmont Street, Northwest, in this district, and was the owner of the automobile in question; that about May 20, 1924, he gave the automobile to Julius Tryman "under an agreement to sell the car to him if the automobile was in satisfactory running condition; that Julius Tryman had the car the night of May 25, 1924; that police officers came to his (defendant's) home that night and inquired about the car; that he told the officers that Mr. Julius Tryman had the machine, giving them his address; that he (defendant) knew nothing about the accident and did not have the car that night; that he received no money from Mr. Tryman on account of this agreement referred to by him."

Tryman was called as a witness on behalf of the defendant, and testified that he received the automobile from defendant about May 20, 1924, "under an agreement whereby he was to purchase the machine if it was in satisfactory running condition, and that he had the automobile on the night of the accident, May 25, 1924; that he was driving the automobile on that night, and returned home with the automobile about 10:30 p. m., and retired for the night, leaving the automobile parked in front of the Westmoreland Apartments, at which place he was employed and had his residence; that he was awakened on the night in question at an early hour in the morning by police officers flashing a "light in his face, but that he did not get up out of bed; that he told the officers he had the automobile; that he had not been in any accident; that the automobile was in front of the apartment the next morning, exactly where he had parked it the night before."

[1, 2] It has come to be the general rule that, in an action for injuries resulting from being struck by an automobile, proof that the automobile was owned by the defendant at the time of the accident establishes a prima facie case for the plaintiff. In other words, proof of defendant's ownership of an automobile that has been driven on the public highway warrants the inference that it was in his possession, either personally or through his servant, the driver, and that the driver was acting within the scope of his employment. Tischler v. Steinholtz, 99 N. J. Law, 149, 122 A. 880; Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 854, Ann. Cas. 1918D, 1123; Curry v. Bickley, 196 Iowa, 827, 195 N. W. 617; Rose v. Balfe, 223 N. Y. 481, 119 N. E. 842, Ann. Cas. 1918D, 238. Automobiles must be registered, and therefore public records afford evidence of ownership; but whether the car at the time of an accident was being operated by or for the owner is a matter peculiarly within his knowledge.

[3] Where the prima facie inference arising from the fact of ownership is overcome by uncontradicted proof that in fact an automobile was not in the possession of the owner or his servant or agent, the question is one for the court, and not the jury. Doran v. Thomsen, 76 N. J. Law, 754, 71 A. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677; Mahan v. Walker, 97 N. J. Law, 304, 117 A. 609; Guthrie v. Holmes, 272 Mo. 215, 233, 198 S. W. 854, Ann. Cas. 1918D, 1123; Curry v. Bickley, 196 Iowa, 827, 832, 195 N. W. 617; Lotz v. Hanlon, 217 Pa. 339, 66 A. 525, 10 L. R. A. (N. S.) 202, 118 Am. St. Rep. 922, 10 Ann. Cas. 731; Berry on

Law of Automobiles (2d Ed.), § 615, p. 694.

The prima facie inference that may be drawn from ownership is analogous to the prima facie inference of negligence that may be drawn from the happening of an accident of a certain class, where the doctrine of res ipsa loquitur applies. Speaking of this doctrine, the court in Sweeney v. Erving, 228 U. S. 233, 240, 33 S. Ct. 416, 418 (57 L. Ed. 815, Ann. Cas. 1914D, 905), said: "In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference. * * * " In that case the court cited and quoted with approval from Kay v. Metropolitan St. Ry. Co., 163 N. Y. 447, 57 N. E. 751, where it was said: "If the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made that allegation should suffer, and not her adversary. * * * If, on the whole, the scale did not preponderate in favor of the presumption and against defendant's proof, the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof."

In Rose v. Balfe, 223 N. Y. 481, 486, 119 N. E. 842, 844, Ann. Cas. 1918D, 238, the court said: "The presumption growing out of a prima facie case, however, continues only so long as there is no substantial evidence to the contrary. When that is offered, the presumption disappears, and unless met by further proof there is nothing to justify a finding based solely thereon. Potts v. Pardee, 220 N. Y. 431 [116 N. E. 78, 3 A. L. R. 785], and cases cited."

In Fallon v. Swackhamer, 226 N. Y. 444, 123 N. E. 737, the court said: "The only evidence in behalf of the plaintiff is the presumption which arises from the ownership of the car, but, as has been stated by this court, such presumption continues only so long as there is no substantial evidence to the contrary. * * * An owner who gratuitously loans his car to a servant, or even to a member of his family, for such person's own particular pleasure or business, is not liable for an accident thereafter happening."

In Tischler v. Steinholtz, 99 N. J. Law, 149, 152, 122 A. 880, 882, the court said: "The evidence showed that the car was owned by the defendant Morris Steinholtz. Such proof of defendant's ownership of an automobile driven on a public highway raises a presumption of fact that such automobile was in the possession of the defendant, if not personally, then through his servant, the driver, and that such driver was acting within the scope of his employment. Of course, both or either of these presumptions may be overcome by uncontradicted proof to the contrary; and if so overcome by uncontradicted proof that the automobile was not in the possession of the owner or his servant, or was not being used by the servant within the scope of his employment, then a motion for a direction of a verdict for the defendant owner will be granted."

The only evidence in behalf of the plaintiff here was the inference arising from the ownership of the car.

[4] Defendant's testimony was uncontradicted, reasonable, and consistent. He testified that he had delivered the car to Tryman five days before the accident, under a tentative agreement of sale, that Tryman had the car on the night of the accident, and that he (defendant) did not have the car that night. He was interviewed shortly after the accident at his home, told the officers that Tryman had the car, and gave them Tryman's address. The officers, apparently immediately thereafter, interviewed Tryman at his place of residence. Tryman admitted that he was driving the automobile, but denied that he had been in any accident; that the automobile was in front of the apartment.

Dr. Rogers, a witness for the plaintiff, it will be recalled, testified that he had told the *driver* of the car that he had run into a man, and the driver said he would drive back. It is significant that the doctor did not testify that the defendant was the driver of the car, or a passenger. It is also significant that the police officers, who interviewed both the defendant and Tryman on the night of the accident, were not called by the plaintiff to contradict either the defendant or Tryman.

As the case stood, therefore, when the motion for directed verdict was interposed, the uncontradicted evidence was to the effect that on the night in question Tryman was in possession of the car and driving it on a mission of his own. In such a situation, the defendant was not liable. Lucas v. Friedman, 58 App. D. C. ——, 24 F.(2d) 271; Doran v. Thomsen, 74 N. J. Law, 445, 66 A. 897; Whalen v. Sheehan, 237 Mass. 112, 129 N. E. 379, 18 A. L. R. 972.

There was, therefore, no issue to be submitted to the jury, and a verdict should have been directed for the defendant. What would have been the duty of the court, had

Tryman been the defendant, is not before us.

Judgment is reversed, with costs, and the cause remanded for new trial.

Reversed.