JULIA GUERIN *vs.* CYRILLE MONGEON.

NOVEMBER 30, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. This is an action for negligence to recover damages for personal injuries. Plaintiff, a passenger in an automobile on Clinton street, in Woonsocket, was injured as a result of a collision between the automobile in which she was riding and an automobile owned by defendant and operated by his son Norman. After a jury trial and a verdict for the plaintiff, defendant's motion for a new trial was denied by the trial justice. The case is here on bill of exceptions.

The one exception relied upon is to the refusal to direct a verdict for the defendant. The other exceptions are waived.

The real controversy is with respect to the liability of defendant; negligent operation is clearly proved. Norman Mongeon at the time of the accident (July 16, 1927) worked in his father's grocery store serving customers and delivering such orders as were required. On the night of the accident, defendant returned to his store about 6:30 p. m. He had been busy during the day attending to. his real estate business and left his automobile on the street in front of the store as he had often done before. He remained in the store while his son went out to deliver an order of groceries. His son took defendant's automobile and set out to deliver the groceries. After he had gone a short distance he met some friends and, at their request, agreed to take them to their home, which was a mile distant, in a direction away from the route he should have taken to make his delivery. It was while he was thus engaged that the collision occurred.

Defendant testified that his son had no authority to use his automobile and that he had forbidden him to use it, although he admitted that his son had used it on several occasions before this time. The evidence of the right of the son to use the automobile was conflicting and was a question of fact. Assuming, however, that the son did have the right to use the automobile, at the time when the collision occurred he was engaged on his own business and not that of his father, his employer; he had departed for the time being from the course of his employment. Under the rules of the common law, his father, his employer, was not then responsible for his negligence. *Colwell* v. *Ætna Bottle & Stopper Co.*, 33 R. I. 531; *Northup* v. *Robinson*, 33 R. I. 496; *Anderson* v. *Miller*, 142 Atl. 616. But, as this accident happened after the enactment in April, 1927, of Chapter 1040, Pub. Laws, 1927-28, the liability of the owner of the automobile must now be determined by the provisions of that statute in conjunction with such rules of the common law as are applicable.

Section 3, Chap. 1040, is as follows: "Sec. 3. Whenever any motor vehicle shall be used or operated upon any

public highway of this state with the consent of the owner or lessee or bailee thereof, express or implied, or under any agreement with such owner or lessee or bailee, express or implied, the operator thereof, if other than such owner shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the agent of such lessee and of such bailee. The provisions of this section shall apply only to accidents which occur subsequent to the time when this act goes into effect."

Prior to the enactment of Chapter 1040 the operation of a motor vehicle without the consent of the owner had been made by statute a criminal offence. (G. L. 1923, C. 98, s. 27).

In the *Colwell* case (*supra*), decided in 1912, this court held that an automobile was not an instrumentality dangerous *per se;* that if a master intrusts such a vehicle to his servant, for use on a public highway, the master is not liable for negligent operation while he is engaged on his own business and not that of his master; further, that the danger from motor vehicles was due not to the character or construction of the vehicle but to the negligent or reckless operation thereof. The evident purpose of this new statute is to safeguard the public from the negligent operation of any motor vehicle and to make the owner liable for injury caused thereby if the operation is with his consent. The effect of the act is to extend the common law liability of one who consents to the use by another of a motor vehicle which he owns or legally possesses. A motor vehicle when operated negligently becomes a dangerous instrumentality. The underlying idea of this enactment doubtless is that the person who has allowed another to use such a vehicle should not be permitted to escape responsibility for its improper use. Liability of the owner in case of accident is now established if the use or operation is with his consent. If the owner's consent, either express or implied, is proved, it is no longer a defence in case of accident that the servant or agent to whom the use or operation of the vehicle has

been intrusted has temporarily departed from the course of his employment or the scope of his agency. The question in the case at bar, whether the use was with or without consent, was a question of fact for the jury. It follows that a verdict should not have been directed. A similar statute has been recently enacted in New York (Vol. 14, Consolidated Laws of N. Y. 1924, C. 534, s. 282e) and has received a like construction by the courts of that state. *Fluegel* v. *Coudert*, 244 N. Y. 393; *Grant* v. *Knepper*, 245 N. Y. 158.

All of the defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment upon the verdict as reduced by the trial justice.

*John R. Higgins*, for plaintiff.

*Raphael L. Daignault*, for defendant.