ANTHONY LANDI *vs.* KIRWIN & FLETCHER.

VINCENT LANDI, p. a. *vs.* SAME.

VINCENT LANDI, p. a. *vs.* SIMON R. JOHNSON.

DECEMBER 4, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

58

HAHN, J. The above actions numbered 7017 and 7018 are actions of trespass on the case for negligence, brought by Vincent Landi, a minor, through his next friend, against Kirwin & Fletcher, a copartnership, the owners—hereinafter in this opinion, unless otherwise indicated, designated by the word "defendants",—and Simon R. Johnson, the driver, of an automobile, to recover for injuries sustained through being struck by said automobile. No. 7016 is an action of trespass on the case brought against said defendants by Anthony Landi, father of Vincent, for damages, including loss of services and expenses incurred by reason of the injuries to his son. The cases were tried together in the Superior Court by a justice sitting without a jury and decision was rendered for the plaintiff Vincent in each case, for the sum of $6,500, and for the plaintiff Anthony in the sum of $317.20. The cases are before us on exceptions of all defendants therein.

In the cases in which Kirwin & Fletcher are defendants exceptions are to the refusal of the court to render decision for defendants on the ground that the declarations do not specifically state that the actions are brought under the provisions of Chapter 1040, Section 3, Public Laws 1927, which provides that: "Whenever any motor vehicle shall be used or operated upon any public highway of this state with the consent of the owner or lessee or bailee thereof, express or implied, . . . the operator thereof, if other than such owner, shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the agent of such lessee and of such bailee."

It is a well settled rule that courts of a state take judicial notice of its public statutes and if the facts alleged in the declaration bring the case within the statute it is, under these circumstances, unnecessary to declare specifically upon the statute. 25 R. C. L. 946; *Peru* v. *Barrett,* 100 Me. 213, 215; *Leone* v. *Kelly,* 77 Conn. 569, 571; *Newman* v. *Sanders,* 89 N. J. L. 120, 121; *Goldberg* v. *Friedrich,* 279 Penn. 572; *Karahalies* v. *Dukais,* 108 Me. 527, 530.

It is admitted that defendant Johnson, the driver of the automobile, was guilty of negligence and that while intoxicated and on his way back to the office of the defendants so negligently drove said automobile that it crashed through a fence at the side of the road, stopped against a telephone pole inside the fence, and struck Vincent, injuring him severely.

The defendants contend that the use of the automobile at the time of the accident by Johnson was in violation of express instructions and that there was no evidence of express or implied authority for Johnson to use the automobile at said time.

It appeared in evidence that on the 4th day of December, 1930, the day before the accident, Johnson received permission from said defendants to take the car involved in the accident on the highways of the State; that he used it during that day for the purpose for which he was authorized; that he took the car to his own home at noon and kept it overnight; that such keeping was authorized by defendants; that on the 5th day of December, 1930, he took the car from his home for purposes unconnected with the business of these defendants, and that at the time of the accident he was taking the car to their office, and while so doing he was acting under the general instruction to return the car.

As the facts alleged in the declarations and substantiated by the evidence are sufficient to bring the cases within the statute, the exception to the refusal to render decision for the defendants on this ground is overruled.

Defendants Kirwin & Fletcher and Johnson took exception to the decisions on the further ground that the damages of $6,500, awarded in the cases in which Vincent is plaintiff, are excessive. The evidence in relation to the injury shows that Vincent was struck by the automobile, thrown to the ground, sustained a fracture of the shaft of the right femur, multiple contusions and abrasions, and suffered great pain.

After the accident he was carried to the Rhode Island Hospital and remained there for eighty days. Most of this time he spent in bed, his leg in an Australian extension with weights attached thereto to stretch the same day and night. When discharged from the hospital he was obliged to use crutches and had a thick tap on his shoe. Up to the time of the trial he had been using crutches for eleven weeks and in the opinion of experts he would require the use of them for three months more. It further appeared that he has a permanent one-half inch shortage of the leg and has endured great pain.

The record shows that the trial court carefully considered this phase of the case, particularly his disability through the shortening of his leg, and his present and future suffering and loss. In our opinion, considering the severity and permanence of the injuries, the sum of $6,500 is not excessive.

All of defendants' exceptions are overruled and the cases are remitted to the Superior Court for the entry in each case of judgment on the decision.

*Arthur L. Conaty,* for plaintiffs.

*William A. Gunning,* for defendants.