ANNA IRENE MASSART *vs.* NARRAGANSETT ELECTRIC CO. LOUIS H. MASSART *vs.* SAME.

FEBRUARY 16, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. These actions on the case for negligence were tried together in the Superior Court and the jury returned a verdict for the plaintiff in each case. The cases are before this court on defendant's exceptions.

The following facts are undisputed: December 15, 1929, about 6:15 o'clock, p. m., plaintiffs were riding in their automobile on Huntington avenue in Providence. Mr. Massart was driving. He saw defendant's automobile, when it was about 500 feet away, rapidly approaching in a zig-zag manner. Mr. Massart drove his automobile close to the curbing on his right and stopped. When defendant's automobile was near the plaintiffs, it veered to its left and ran head-on into the front of plaintiffs' automobile. Plaintiffs were injured and their automobile was badly damaged. Both vehicles were lighted. Defendant's automobile was being operated by one Conyers. He was immediately arrested for operating a motor vehicle while intoxicated and subsequently paid a fine and costs. The negligence of Conyers is unquestioned. It was admitted that Conyers was driving the automobile with defendant's consent.

The defenses were (1) that Conyers was a bailee of the automobile; (2) that he was not acting as the servant of defendant. Defendant called as a witness the supervisor of "substation maintenance." He testified he was the superior of Conyers; that Conyers was foreman in the

substation; that he was subject to call twenty-four hours a day; that if trouble developed in the substation, the foreman was the man called to make repairs, and "the fact that he was on call twenty-four hours a day necessitated his having a car at his disposal for that period of time and he was therefore allowed to drive the car home at night so he could respond to those calls." Conyers lived at Lakewood, more than one mile from the Harris avenue substation. Defendant paid the rent for a garage where Conyers kept the car at night and also paid for the gasoline, oil and repairs.

Conyers testified that on the day of the accident he reported for work at the Harris avenue substation; that he then went to work at the Elmwood condenser; that he did not go home to dinner as usual but went to work on Admiral street in the afternoon and about 5 o'clock went to a house in East Providence to get a pint of whiskey for an employee at the Elmwood condenser; that, while at the house, he took two drinks; that he then drove to headquarters at Harris avenue where he stopped to see if anybody was there and that, finding no one, he started for home down Huntington avenue and intended to stop at the Elmwood condenser to deliver the whiskey. He also testified that he was not required to use any particular route in going home and that Huntington avenue was one of the three ways generally used by him in going to his home in Lakewood from the substation on Harris avenue.

At the close of the testimony defendant's attorney made a motion for directed verdicts on the ground that Conyers was a bailee of the automobile and not a servant of the defendant when he was not carrying out its business. The motion was denied and exception noted. The jury returned a general verdict for each plaintiff and found specially that at the time of the accident Conyers was not a bailee of defendant's automobile. The trial justice denied defendant's motions for new trials in a carefully prepared rescript in which he considered the contentions made by defendant's attorney and held that the verdicts were supported by the

evidence and did substantial justice. Defendant's exception to this decision and to the denial of its motions for directed verdicts will be considered together.

Each party claimed the benefit of Section 10, Chapter 1429, P. L. 1929, which provides, in substance, that whenever any motor vehicle shall be operated upon any public highway "with the consent of the owner, or lessee, or bailee thereof, express or implied, the operator thereof, if other than such owner, or lessee, or bailee, shall, in case of accident, be deemed to be the agent of the owner or lessee or bailee . . . ." (This section has been substantially amended by Chapter 2046, P. L. 1933.)

The manifest purpose and intent of the legislature in passing this statute was to enlarge the common law liability of the owner of an automobile who consented to its use by a person other than his bailee or lessee. The substance of this section was formerly Section 3, Chap. 1040, P. L. 1927. When construing this latter section in *Guerin* v. *Mongeon*, 49 R. I. 414, this court said: "The effect of the act is to extend the common law liability of one who consents to the use by another of a motor vehicle which he owns or legally possesses. . . . If the owner's consent, either express or implied, is proved, it is no longer a defense in case of accident that the servant or agent to whom the use or operation of the vehicle has been intrusted has temporarily departed from the course of his employment or the scope of his agency." In *Kernan* v. *Webb*, 50 R. I. 398, when considering the same statute, the court said: "The statute in question enlarges the legal liability of the owner who intrusts his motor vehicle to another with the privilege of using it. . . . If, at the time of the accident, the operator is in fact an agent of the owner, the latter is liable at common law. The statute is intended to be operative and to impose a liability when there is an accident and there is no existing agency." See also *Landi* v. *Kirwin & Fletcher*, 52 R. I. 57.

Applying the statute—as construed in these cases—to the admitted fact that Conyers was operating the automobile with the express consent of defendant, it is liable for his negligence unless it appears he was a bailee of the automobile because the statute (Chap. 1429) does not impose upon the owner of an automobile liability for its negligent operation by his bailee. *Ford* v. *Dorcus*, 54 R. I. 1.

Defendant contends that while Conyers was driving the automobile from the substation on Harris avenue to his home he was a bailee and that on this ground it was entitled to directed verdicts. There is no merit in this contention. The rule is that on a motion for a directed verdict every reasonable inference from the evidence must be drawn in favor of the adverse party. The reasonable inference from the evidence is that while Conyers was driving the automobile to his home he was doing so as the servant of defendant and with its express consent and not as a bailee of the automobile. This issue was correctly left to the jury and they found specially that Conyers was not a bailee of the automobile. The trial justice approved this finding by the jury and also their general verdicts. The evidence amply supports his decision.

The claim that Conyers was acting outside the scope of his employment cannot be sustained. The automobile was provided by the defendant so Conyers could respond to any emergency calls. When he was driving it to his home—in order to be able to respond to emergency calls—he was acting within the scope of his employment as he would be when leaving his home in the automobile to go to the place designated in such call. *Depue* v. *Salmon Co.*, 106 Atl. (N. J.) 379. Under the common law, the fact that Conyers intended to go to the Elmwood condenser to deliver some whiskey after he left Huntington avenue would be immaterial and would not bar plaintiffs' rights against defendant because the accident occurred before Conyers had left Huntington avenue which was on his usual route home. *Fitzgerald* v. *Boston & Northern St. Ry. Co.*, 214 Mass. 435;

*Clawson* v. *Pierce-Arrow Motor Car Co.,* 131 N. E. (N. Y.) 914; *Morgan* v. *Marchesseault,* 169 Atl. (Conn.) 609. Also, the fact that Conyers left defendant's service in the afternoon when he went to East Providence was immaterial because he had returned to defendant's service when he reported at the Harris avenue substation before starting for his home. *Chaufty* v. *DeVries,* 41 R. I. 1. Furthermore, the statute (Chap. 1429, *supra*) abrogates the defense of deviation from route or scope of employment when the servant is operating the automobile with his master's consent. *Guerin* v. *Mongeon, supra; Kernan* v. *Webb, supra.*

Defendant criticizes some of the reasons given by the trial justice for approving the verdicts and special finding and denying its motions for new trials. It is unnecessary to determine the validity of the criticism because it is the law that the decision of the trial justice will be upheld, if it is correct, even though reached through faulty reasoning or mistake of law or fact. *Russo* v. *R. I. Co.,* 38 R. I. 323; *McKittrick* v. *Bates,* 47 R. I. 240; *Del Ponte* v. *Giannessi,* 52 R. I. 165; *Corbesero* v. *United Electric Rys. Co.,* 167 Atl. 109. (R. I.)

Several exceptions are urged to portions of the charge and to the refusal to grant several requests to charge. The trial justice discussed the question of bailment and bailee and instructed the jury that a bailment, as applied to the facts, was the delivery of the automobile for some particular purpose with the understanding or agreement that after the purpose had been fulfilled the automobile should be dealt with according to the directions of the one who had delivered it to him. This is a correct definition of a bailment and accords with that given in 6 C. J. 1084.

Defendant argues that the trial justice made an inconsistent application of this definition to the facts when instructing the jury to determine whether Conyers was a bailee. Whether the relation existing between the defendant and Conyers was that of bailor and bailee or of master and servant depended upon the facts appearing in evidence.

Defendant's difficulty is the absence of proof showing any contract, express or implied, by which defendant delivered its automobile to Conyers for some particular purpose and entitled him to its possession and control until he had accomplished such purpose. In the absence of such proof the trial justice was unable to make a clearer application of the law to the facts in evidence. We find no prejudicial error in the charge or in the refusal of the requests to charge which were not substantially included in the charge.

Defendant's exceptions are all overruled. Each case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Walter I. Sundlun, Baker & Spicer*, for plaintiffs.
*Sherwood & Clifford, Sidney Clifford*, for defendant.

