## B. K. SELANDER v. FRANK FULTON AND ANOTHER.[1]

October 25, 1935.

No. 30,526.

[1]Reported in 262 N. W. 874.

 

*Lloyd Peabody* and *Jay W. Smith,* for appellant.

*Norton & Norton,* for respondent.

LORING, JUSTICE.

In a suit under 3 Mason Minn. St. 1934 Supp. §§ 2720-101 and 2720-104, for damages occasioned by the negligent operation of a trailer owned by the defendant Frank Fulton and operated by the defendant Tourangeau, the plaintiff had a verdict, and from an order denying the defendant Fulton's motion for judgment notwithstanding the verdict or a new trial, this appeal is taken.

Fulton was the owner of a 1,500-acre farm in Anoka county, which was operated under the supervision of Henry Schultz, his foreman, who had charge of all the personal property on the farm. Fulton lived in Chicago and came to the farm only at intervals of a month or more. His son, Edmund Fulton, was sojourning upon the farm in the character of an observer of the farming operations. He drew no pay and had no authority over the property. He had just completed his education and was seeking to learn something of the science of agriculture and husbandry. Tourangeau was a friend of his, residing in Minneapolis, and, having seen a large four-wheeled trailer on the Anoka county farm, he asked Edmund if he thought he could borrow it to haul wood. Edmund replied in the affirmative, and Tourangeau went to the farm and took the trailer without the knowledge of Schultz. Schultz did not learn that the trailer was gone until a couple of days after Tourangeau had taken it, and the record does not show that he knew who had it. Schultz took no steps to obtain a return of the trailer. About 30 days after Tourangeau borrowed it he was on his way to the farm

to return the trailer when it became detached from the vehicle which was hauling it and caused the damage here complained of.

Section 2720-104 imposes upon the owner of a motor vehicle the relation of principal to the operator of the vehicle, in case of accident, if the operator is using the vehicle with the consent of the owner, express or implied, and § 2720-101 includes trailers within the definition of motor vehicles. The appellant seeks to question the constitutionality of these statutory provisions, but as we regard the case we do not reach the question of the validity of the statute. The trailer was lent to Tourangeau by Edmund, who had no authority whatever to do so. Johnson v. Stone, 40 N. H. 197, 201, 77 Am. D. 706. Appellant contends that Schultz as foreman in charge of the personal property had no real or apparent authority to lend any part of the farm equipment. His authority extended to the use of the farm equipment for farming purposes in connection with the operation of Frank Fulton's farm. As a matter of law, on this record, we conclude that the lending of the trailer for the convenience of the borrower was not within the apparent scope of his authority. 1 Mechem, Agency, §§ 740-741; 2 C. J. p. 644, § 288; Ridgeley Nat. Bank v. Barse L. S. Bank v. Comm. Co. 113 Mo. App. 696, 88 S. W. 1124.

But that question aside, the record does not show that Schultz knew who had the trailer but merely that it was gone. It is true that he took no steps to recover the trailer, but without knowledge of its whereabouts his failure to do so could certainly not be construed as an implied consent even if lending the trailer were within the apparent scope of his authority.

The order is reversed and the case remanded with directions to enter judgment for the defendant Frank Fulton notwithstanding the verdict.