## WALSH v. ROSENBERG. *
### No. 6455.

United States Court of Appeals for the District of Columbia.

Argued Nov. 11, 1935.

Decided Dec. 30, 1935.

Rehearing Denied Jan. 20, 1936.

---

Cornelius H. Doherty, of Washington, D. C., for appellant.

Alvin L. Newmyer, Lewis H. Shapiro, and David G. Bress, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, Associate Justice.

This is a personal injury case. Appellee, who was plaintiff below, was struck by an automobile on Pennsylvania avenue in Washington City, May 21, 1933. Originally there were two defendants, Leonard P. Walsh, and his brother, Joseph B. Walsh. At the close of all the evidence, the plaintiff took a nonsuit as to defendant Joseph B. Walsh. The case was submitted to the jury as to appellant alone, and a verdict was returned and judgment thereon entered by the court.

Five grounds of error were argued. As to No. 1—the refusal to direct a verdict for defendant—it is enough to say that there was uncontradicted evidence of the negligent operation of the automobile; there was positive evidence that the automobile which struck appellee was owned by appellant; and there was positive evidence to identify appellant as driver of the automobile at the time of the injury. This was sufficient to take the case to the jury.

The second—which was argued but not assigned—is the claim on the part of appellant that appellee, on her own testimony, was guilty of contributory negligence in that in crossing the street she did not continuously look in the direction from which traffic was moving. Appellee testified that when she left the sidewalk she did look and saw nothing to interfere with her passage from one side of the street to the other; that when she reached the eastbound street car track she again looked to her right (west) and saw some cars coming east; she stopped for a few seconds to let them pass, "when all of a sudden" appellant's car, driving at a very rapid rate, bore down on her and before she could move, struck her.

We have said that it is the duty of a pedestrian, in crossing a street, to keep a lookout to avoid being struck (Schweinhaut v. Flaherty, 60 App.D.C. 151, 49 F. (2d) 533), but there is nothing in appellee's evidence showing a violation of this rule. On the contrary, her evidence

showed that she observed it in all proper respects.

 We have noticed the third point argued and find it wholly without merit.

The fourth challenges an instruction as follows: "It is admitted that Ford coupe bearing D. C. license tags P–7807 was owned by the defendant Leonard Walsh and because of this fact the jury are instructed as a matter of law that if that automobile collided with Mrs. Rosenberg then the jury have the right to infer that it was being operated at the time by Leonard Walsh or his agent and this inference continues until overcome by preponderating credible testimony to the contrary; and if the jury finds from all the facts and circumstances as may be shown by the evidence that the said automobile was at the time of the collision being operated by Leonard Walsh or on his behalf, then your verdict must be in favor of the plaintiff against the defendant Leonard Walsh."

The objection made at the trial was that this instruction was "based upon the doctrine of res ipsa loquitur, and that the plaintiff had alleged certain specific acts of negligence, which she had failed to prove, and neither the pleadings nor the proof would sustain such an instruction."

In the argument in this court appellant now insists that the instruction is also erroneous in that it required appellant to overcome the presumption by *preponderating* testimony. As to this we have said many times that, in an action for injuries resulting from being struck by an automobile, proof that the automobile was owned by the defendant at the time of the accident establishes a prima facie case for the plaintiff. In other words, the proof of ownership warrants the inference that the automobile was at the time of the injury being driven by the owner either personally or through an agent. Curry v. Stevenson, 58 App.D.C. 162, 163, 26 F.(2d) 534; Callas v. Independent Taxi Owners' Association, 62 App.D.C. 212, 214, 66 F.(2d) 192; Simmons v. Brooks, 63 App.D.C. 293, 294, 72 F.(2d) 86; Peabody v. Marlboro Implement Co., 63 App.D.C. 288, 290, 72 F.(2d) 81; Simon v. City Cab Co., 64 App. D.C. 364, 78 F.(2d) 506, 507.

In Curry v. Stevenson, supra, we quoted with approval from Kay v. Metropolitan St. Ry. Co., 163 N.Y. 447, 57 N.E. 751, where it is said that if the defendant's proof operated to rebut the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty—if, on the whole, the scale did not preponderate in favor of the presumption and against defendant's proof— the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof.

And also another New York case [1] holding as follows: "The presumption growing out of a prima facie case, however, continues only so long as there is no substantial evidence to the contrary. When that is offered, the presumption disappears, and, unless met by further proof, there is nothing to justify a finding based solely thereon."

We still think these cases accurately state the law on this subject, and in this view it is obvious that the court below erred in requiring appellant to overcome the presumption by "preponderating" evidence.

 And this brings us to consider whether the error can be availed of by appellant on this appeal. We think there can be no question of doubt that the objection made to the prayer had no reference to that part of it which we have been discussing. It is manifest it did not call the attention of the court to the fact that the instruction imposed a higher burden of proof on the defendant (appellant) than we have said was proper in the circumstances; and we think it may be safely assumed that if it had, the court would have reformed the instruction in accordance with the rule laid down by this court. Viewed in this light, we think the objection now comes too late. It is the duty of counsel objecting to a charge of the court to call the attention of the court to the particular subject-matter to which the objection is directed, and if counsel fails in this duty the objection cannot be made for the first time in the appellate court.

The Supreme Court has invariably applied the rule in civil cases. In Norfolk R. Co. v. Earnest, 229 U.S. 114, 33 S.Ct. 654, 57 L.Ed. 1096, Ann.Cas.1914C, 172, a personal injury case, an instruction which prescribed a wrong rule in the ascertainment of damages was objected to on the general ground that the act of Congress under which the suit was brought was unconstitutional. The court, though recogniz-

[1] Rose v. Balfe, 223 N.Y. 481, 486, 119 N.E. 842, 844, Ann.Cas.1918D, 238.

81 F.(2d)—36

ing the erroneous nature of the instruction, nevertheless said that since the opportunity to object and point out the ground of objection was not availed of the error could not be urged on appeal. The rule, the court said, is that where an instruction embodies several propositions of law, to some of which no objection properly could be taken, a general exception to the entire instruction will not entitle the exceptor to take advantage of a mistake or error in some single proposition contained in the instruction. And in United States v. United States Fidelity & Guaranty Co., 236 U.S. 512, 529, 35 S.Ct. 298, 303, 59 L.Ed. 696, the court said: "The primary and essential function of an exception is to direct the mind of the trial judge to a single and precise point in which it is supposed that he has erred in law, so that he may reconsider it and change his ruling if convinced of error, and that injustice and mistrials due to inadvertent errors may thus be obviated. An exception, therefore, furnishes no basis for reversal upon any ground other than the one specifically called to the attention of the trial court."

The same rule was applied in Baltimore & P. R. Co. v. Mackey, 157 U.S. 72, 15 S.Ct. 491, 39 L.Ed. 624; in McDermott v. Severe, 202 U.S. 600, 601, 26 S.Ct. 709, 50 L.Ed. 1162; and in Pennsylvania R. Co. v. Minds, 250 U.S. 368, 375, 39 S.Ct. 531, 63 L.Ed. 1039. In Guerini Co. v. Carlin Co., 248 U.S. 334, 348, 39 S.Ct. 102, 63 L.Ed. 275, the Supreme Court said that a general objection, or an objection which directed the mind of the court to a specific point in an instruction, could not furnish a basis for reversing the judgment on the ground of error in a particular or another point.

We have applied the same rule in this jurisdiction. Traver v. Smolik, 43 App.D. C. 150, 151; Budd v. United States, 48 App.D.C. 332; Washington R. Co. v. Washington T. Co., 44 App.D.C. 470; Walker v. Dyson, 32 App.D.C. 90, 19 L.R. A.(N.S.) 606; District of Columbia v. Duryee, 29 App.D.C. 327, 10 Ann.Cas. 675. And, as the present is not a case that requires us in the interest of justice to overlook or modify the rule, we apply it here.

Passing from this phase to the other proposition embodied in the instruction, the question then is whether the instruction was correct in telling the jury that, if they believed that the automobile which did the injury was being operated by appellant or his agent at the time, their verdict should be in favor of the plaintiff. The objection made to the instruction was, as we have seen, that it applied the doctrine of res ipsa loquitur.—We are disposed to think it went even farther, for in effect it told the jury that if the defendant or his agent was the driver of the car, their verdict should be for the plaintiff. In this it took from the jury the question of negligence and was, in effect, a binding instruction in favor of the plaintiff save as to the question —who was driving the car at the time of the collision—but in view of the uncontested facts we shall now mention, we think this was proper.

The plaintiff had introduced evidence showing that at the time of the injury the street was well lighted; that without fault on her part she was struck by an automobile being operated at a dangerous rate of speed and in a negligent manner. There was no contradiction of this evidence. Nor was there an attempt made to impeach the witnesses. In short, there was no defense attempted on the question of the negligence of the driver of the automobile. Appellant's entire case was that neither he nor his agent was the driver. His testimony was that he was at a different place and had not driven the car for several hours before the collision occurred, and that he had authorized nobody to drive it in his behalf or on his business.

In these circumstances, the negligence of the driver being proved by uncontradicted and unimpeached witnesses, and there being neither evidence of interest nor discrediting circumstances (Brown v. Petersen, 25 App.D.C. 359, 4 Ann.Cas. 980; Kelly v. Jackson, 6 Pet. 622, 8 L.Ed. 523), the single issue for submission to the jury was whether appellant was responsible for the injury; that is to say, whether he or his agent was the driver of the car when the injury was inflicted. But for this issue of fact, the plaintiff would have been entitled to a directed verdict. It was, as we think, therefore proper to confine the submission to the single question: Was appellant the driver of the car? That the jury answered the question against appellant is not surprising, for in addition to the positive evidence of identification, his own admission that, to avoid liability, he falsely charged the act to another was sufficient to justify the jury in rejecting the whole of his evidence.

The final error alleged is in not allowing appellant to file additional grounds for

a new trial. We have examined the record, and we find nothing in the action of the court below which constituted an abuse of discretion.

On the whole case, we are satisfied that the record fully sustains the verdict and judgment.

Affirmed.