FORRESTER v. JERMAN et al.

No. 6797.

United States Court of Appeals for the District of Columbia.

Argued March 11, 12, 1937.

Decided April 12, 1937.

I. Irwin Bolotin, Samuel B. Brown, and Ida T. Fox, all of Washington, D. C., for appellant.

Henry I. Quinn and Austin F. Canfield, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, J.

This is an automobile injury case. Appellant sued appellees to recover damages for the loss of his wife's services resulting from injuries she received in December, 1935, when struck by one of appellees' automobiles. The particular circumstances under which the injury occurred are not in point, since negligence in the operation of the automobile is tacitly conceded. The single question we are asked to decide is whether, under section 3 of an act of Congress called the Automobile Financial Responsibility Law (49 Stat. 166 [D.C.Code Supp. II 1936, T. 6, § 255b]), the owner of an automobile who lends it to another is liable for the negligence of the operator though the loan is unrelated to employment and is wholly a friendly accommodation. Stated otherwise, whether the statute imposes liability on owners of motor vehicles for the negligence of those intrust-

ed by the owner with their use in the absence of master and servant relation.

Before the passage of the act in question it was the settled law in the District of Columbia that the owner of an automobile was not liable for damages negligently caused by another in the use of the automobile for his own pleasure and not on the owner's business. Curry v. Stevenson, 58 App.D.C. 162, 26 F.(2d) 534; Schweinhaut v. Flaherty, 60 App.D.C. 151, 49 F.(2d) 533; Peabody v. Marlboro Implement Co., 63 App.D.C. 288, 72 F.(2d) 81.

On May 3, 1935, effective August 3, 1935, Congress passed—"An Act To promote safety on the public highways of the District of Columbia by providing for the financial responsibility of owners and operators of motor vehicles for damages caused by motor vehicles on the public highways in the District of Columbia; to prescribe penalties for the violation of the provisions of this Act, and for other purposes." 49 Stat. 166. The objectives of the act are to be accomplished through the suspension of permit and registration certificate in the case of persons driving under the influence of liquor, leaving the scene of an accident, or failing to satisfy within thirty days a judgment obtained on account of an accident. Restoration of permit and registration depends upon a prescribed showing of financial responsibility to cover future accidents. The act applies to nonresidents as well as to residents of the District, and in the case of the former provides for valid service of process in suits for damages by service on the Director of Vehicles and Traffic. Under the title "Owner's Liability," the act provides as follows: [sections 255–255o hereof], "Whenever any motor vehicle, after the passage of this Act, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner." D.C.Code Supp. II 1936, T. 6, § 255b.

In the instant case it was stipulated that appellees owned the automobile being driven at the time of the injury, and appellant's evidence showed that the car had been lent to the driver by an agent of appellees. There was no evidence introduced by appellees denying that the automobile was being used with their express or implied consent. In fact, appellees put on no evidence at all; their defense was and is that the section of the act quoted was not intended by Congress to affect or to enlarge the common law liability of one who intrusts his automobile to another; that the section is administrative or procedural and should be considered together with the entire act (D.C.Code Supp. II 1936, T. 6, §§ 255–255o); and that, when so considered, the act—including the section—should be held as intended merely to compel owners of motor vehicles involved in accidents resulting in injury to take out liability insurance or provide financial indemnity against future accidents. In other words, that the intent of Congress in the passage of the whole act was to create a financial responsibility measure applicable in cases where there had been a breach of the statute, i. e., drunken driving, hit-and-run driving, or failure to satisfy a judgment for damages, and not to impose also primary liability on the owner of a motor vehicle where before there had been no liability.

The question is interesting, and we have thought it desirable to examine the available reports of the committees having the bill in charge, but there is nothing there to aid us in answering the question. When we turn to the act and read the language of the section, we find that it is unambiguous and leaves nothing for interpretation. Unless, therefore, there is something in the title of the act or its context or its background which impels the conclusion that to give the section its literal meaning is clearly contrary to the intent of the Legislature in the passage of the act, it is our duty to construe it in accordance with the plain meaning of the words used.

■ Neither the title, which we have quoted, nor the context, nor the background leads to the result which appellees insist upon. We take judicial notice of the fact that there are in effect in more than twenty States financial responsibility laws of the general nature of this law. These are undoubtedly the outgrowth of the problem arising from the constantly increasing use by motor vehicles of the highways of the cities and counties of the States. In a number of the States laws have been passed broadening the rule of liability under the common law. In New York, California, Iowa, and Michigan, statutes have been passed creating liability as against the own-

414

er of a car for the negligence of one to whom he has lent it where none existed before.[1] And this statutory liability has been upheld by the Supreme Court. Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L. Ed. 1158, 88 A.L.R. 170. In other States the common-law doctrine is retained with some modifications, but in Rhode Island and Minnesota statutory liability like that enacted for the District of Columbia is or has been contained in and as a part of a financial responsibility law identical or nearly so with the District of Columbia Act. In each of these States the section we are concerned with has been held to create a liability where none existed at common law. See Guerin v. Mongeon, 49 R.I. 414, 143 A. 674; Kernan v. Webb, 50 R.I. 394, 148 A. 186; Landi v. Kirwin & Fletcher, 52 R.I. 57, 157 A. 301; Ford v. Dorcus, 54 R.I. 1, 168 A. 814; Massart v. Narragansett Elec. Co., 54 R.I. 154, 171 A. 238; Emond v. Fallon (R.I.) 186 A. 15; Selander v. Fulton, 195 Minn. 310, 262 N. W. 874; Miller v. J. A. Tyrholm & Co., 196 Minn. 438, 265 N.W. 324; Steinle v. Beckwith (Minn.) 270 N.W. 139; Ewer v. Coppe (Minn.) 271 N.W. 101; Abbey v. Northern States Power Co. (Minn.) 271 N. W. 122. (The Rhode Island statute has been twice amended since its enactment in 1927, and at present the statute does no more than establish the rule we announced in Walsh v. Rosenberg, 65 App.D.C. 157, 81 F.(2d) 559. But while the statute was in force in the form in which Congress enacted it for the District of Columbia, the Rhode Island courts construed the provision as we have indicated.)

 We think the conclusion inescapable that Congress in the passage of the act intended not only to prescribe penalties for the unlawful and negligent operation of an automobile, whether by the owner or another, and to provide financial safeguards against recurrences, but to establish as well a new rule of liability in which agency is based on consent. We have ourselves held long before the present act that proof of ownership will warrant the inference that the automobile was at the time of injury driven by the owner either personally or through an agent. Walsh v. Rosenberg, 65 App.D.C. 157, 81 F.(2d) 559. The section in the act creating the new liability goes a step further and makes the person to whom the owner has lent the automobile the agent of the owner, and the result of this is to make the owner liable, upon analogy to the principles of agency, for an injury negligently inflicted by a person using the automobile with his consent.

We think the action of the court below in granting an instructed verdict in favor of the defendants was wrong and should be, and is, reversed.

Reversed and remanded for a new trial in accordance with this opinion.

---

[1] Cahill Consol. Laws of N. Y. (1930), ch. 64-a, § 59 (Vehicle and Traffic Law N. Y. [Consol. Laws, c. 71] § 59]), Grant v. Knepper, 245 N.Y. 158, 156 N.E. 650, 54 A.L.R. 845; Code of Cal. (Deering 1935), Act 5132, c. 1, § 402, Bradford v. Sargent, 135 Cal.App. 324, 27 P.(2d) 93; Code of Iowa, 1935, c. 251, § 5026, Robinson v. Shell Petroleum Corp., 217 Iowa, 1252, 251 N.W. 613; Comp.Laws Mich. 1929, c. 73, § 4648, Kerns v. Lewis, 246 Mich. 423, 224 N.W. 647. And similar provisions will be found in the laws of some of the Canadian provinces. See Scheer v. Rockne Motors Corp. (C.C.A.) 68 F.(2d) 942.