304

## NATIONAL TRUCKING & STORAGE CO.
### v. DRISCOLL.
#### No. 738.

Municipal Court of Appeals for the
District of Columbia.
Feb. 17, 1949.

Douglas A. Clark, of Washington, D. C.
(William F. Fitzgerald, of Washington, D.
C., on the brief), for appellant.

James J. Slattery, of Washington, D. C.
(Frank J. Kelly, of Washington, D. C., on
the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

The question presented by this appeal is
whether the contributory negligence of the
driver of a rented taxicab may be imputed
to its owner when the owner sues a third
party for damage to the taxicab resulting
from a collision. The trial court held that
the contributory negligence of the driver of
the taxicab could not be imputed to the
owner, who was plaintiff below, and so in-
structed the jury. The jury returned a
verdict for plaintiff and defendant appeals.

On the day of the collision plaintiff,
owner of a fleet of taxicabs, operating un-
der an association name and colors, had
rented the cab to the driver for a 12-hour
period for a fixed sum. The driver was to
have complete control of the taxicab for
that period. He was to purchase the neces-
sary gasoline. Plaintiff was to furnish the
necessary oil and was to be liable for any
repairs, as well as for a per diem payment
for insurance.

While the driver was engaged in carry-
ing a passenger for hire in the District of
Columbia, the taxicab was struck by a

heavy trailer truck belonging to defendant and driven by one of its employees on its business. Depending on the credibility of witnesses and the view of the evidence taken by the jury, such evidence probably would have sustained a verdict that the collision was caused by the sole negligence of the truck driver or by the sole negligence of the taxicab driver or by the concurrent negligence of both.

The court below, however, removed from consideration of the jury the question of the contributory negligence of the taxicab driver by giving an instruction that the negligence of the driver could not be imputed to plaintiff, as owner of the taxicab, who was not riding in it at the time of the collision. The giving of this instruction is the sole error assigned.

■■ A preliminary question is the legal relationship between plaintiff and the driver of the taxicab. Defendant below urges that the owner and driver were engaged in a joint venture or a joint enterprise. We do not agree. To establish such relationship there must exist not only a community of interest in the subject of the venture,[1] "but also an equal right, express or implied, to direct and control the management and movement of the car."[2] In order to impute the negligence of one of the parties in a joint venture to the other, each must have authority to control the means employed to execute the common purpose.[3] Here, while plaintiff owned the taxicab, he did not exercise nor did he have the right to exercise any control over its use by the driver.[4] We hold, therefore, that if the negligence of the driver could be imputed to plaintiff it could not be on the theory that they were engaging in a joint enterprise.

Aside from the effect of the local Automobile Financial Responsibility Law,[5] it is clear that the relationship between plaintiff and the taxicab operator was one of bailment. The prevailing present rule in most of the states as well as in the federal courts, absent statutory provisions to the contrary, is that a bailee's contributory negligence is not a good defense to a bailor's action for damages against a third party.[6] The basis of decisions establishing this rule has been that a bailee is not his bailor's servant or agent, that the bailor was not in control of the car, even vicariously, at the time of the accident, and hence that the bailor is not responsible in damages to third persons injured by the bailee's careless use of the automobile.[7]

The question next arises whether this rule was changed by the Automobile Financial Responsibiltiy Law, the pertinent portion of which follows:

"Whenever any motor vehicle . * * * shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall, in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."[8]

Before the passage of this statute, it was the settled law in the District of Columbia that the owner of an automobile was not liable for damages negligently caused by another in the use of the automobile for the other's purposes and not on the owner's business.[9] The statute, however, changed this rule and made the owner liable, upon analogy to the principles of agency, for an injury negligently inflicted by a person using the automobile with his

[1] Illingworth v. Madden, 135 Me. 159, 192 A. 273, 110 A.L.R. 1090.

[2] Gasque v. Saidman, D.C.Mun.App., 44 A.2d 537, 539, citing Stearns v. Lindow, 63 App.D.C. 134, 70 F.2d 738.

[3] Schwartz v. Johnson, 152 Tenn. 586, 280 S.W. 32, 47 A.L.R. 323.

[4] Cf. United States v. Davis, 81 U.S. App.D.C. 35, 154 F.2d 314.

[5] Code 1940, § 40—401 et seq.

[6] Sea Ins. Co. v. Vicksburg, S. & P. R. Co., 5 Cir., 159 F. 676, 17 L.R.A., N.S., 925; see Gregory, Vicarious Responsibility and Contributory Negligence, 41 Yale L.J. 831 (1932), particularly note 8 on p. 832; 45 C.J., Negligence, § 581, page 1027.

[7] Gregory, Vicarious Responsibility and Contributory Negligence, supra.

[8] Code 1940, § 40—403.

[9] Forrester v. Jerman, 67 App.D.C. 167, 90 F.2d 412.

consent.[10] Whether the act also makes the driver the agent of the owner to the extent of imputing the contributory negligence of the driver to the owner under the circumstances present here has not previously been decided in this jurisdiction.

The courts of three states—Iowa, New York and Minnesota—in which the question has been decided under similar or identical statutes have reached conflicting conclusions.[11] In Iowa it has been held that the contributory negligence of a bailee, in case the automobile which is the subject of the bailment is damaged as a result of the concurring negligence of the bailee and a third party, is imputable to the bailor and the bailor may not recover damages against the third party.[12] New York and Minnesota have taken the contrary view.[13]

The Iowa statute did not in terms make the driver of an automobile the agent of the owner consenting to its use but provided that "in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage." Code 1927, § 5026. The Iowa Supreme Court held that this language was broad enough to cover all of the legal relations of principal and agent, master and servant, bailor and bailee. It argued, therefore, that since the statute created the relationship of principal and agent it followed that the rules applicable to such relationship should apply, including the rule that the negligence of the agent is imputable to the principal. It also invoked what has become known as the "two-way rule", namely, that if an owner of an automobile is liable to a third party for damages to the third party's automobile caused by the negligence of the owner's agent then the agent's negligence should be imputed to the owner when the latter sues a third party for damages to his automobile.

The New York Court of Appeals did not discuss the question in detail but merely affirmed in a memorandum opinion a decision of the appellate division of the New York Supreme Court. Previously the intermediate appellate courts in New York were in conflict on the issue. The decision affirmed by the New York Court of Appeals was based on the theory that the New York Financial Rsponsibility Act, Vehicle and Traffic Law, § 59, was enacted solely "to remove the hardship which the common-law rule visited upon innocent persons by preventing 'an owner from escaping liability by saying that his car was being used without authority, or not in his business.'" [259 App.Div. 60, 18 N.Y.S. 2d 80.] The court held that the statute could not be invoked for the purpose of imputing the operator's contributory negligence to the owner and that it was applicable only in actions brought by third persons against the owner. The New York statute is almost identical with the Iowa statute and does not specifically make the driver using an automobile with the consent of the owner the agent of such owner.[14]

The Minnesota statute is more like ours. It provides that when an automobile is driven with the consent of the owner, express or implied, the operator thereof shall, in case of accident "be deemed the agent

---

10 Forrester v. Jerman, supra.

11 California has by statute provided that where an automobile is driven by a person other than the owner with the owner's permission "the negligence of such person shall be imputed to the owner for all purposes of civil damages" Vehicle Code, § 402(a), and under the statute it has been held that the contributory negligence of a bailee is imputed to the bailor when the bailor is suing a third person in an automobile accident case. Milgate v. Wraith, 19 Cal. 2d 297, 121 P.2d 10.

12 Secured Finance Co. v. Chicago, R. I. & P. Ry. Co., 207 Iowa 1105, 224 N. W. 88, 61 A.L.R. 855.

13 Mills v. Gabriel, 259 App.Div. 60, 18 N.Y.S.2d 78, affirmed 284 N.Y. 755, 31 N.E.2d 512; Christensen v. Hennepin Transp. Co., 215 Minn. 394, 10 N.W.2d 406, 147 A.L.R. 945.

14 Leppard v. O'Brien, 225 App.Div. 162, 232 N.Y.S. 454, affirmed 252 N.Y. 563, 170 N.E. 144.

of the owner of such motor vehicle in the operation thereof." M.S.A. § 170.54.[15] However, the title of the act, Laws 1933, c. 351,—somewhat different from ours—formerly stated that its purpose was to provide for the establishment of financial responsibility by owners of motor vehicles "for personal injuries, including death, and property damage resulting from the maintenance, use, and operation thereof."[16] The Minnesota Supreme Court considered both the Iowa and New York decisions and adopted the New York view. It based its holding largely upon the theory that the title of the Minnesota statute indicated that it was enacted for the purpose of establishing financial responsibility on owners of automobiles involved in collisions, that "financial responsibility means obligation to pay a third party," and that there was no indication in the statute of an intent to change the previously existing rule with respect to contributory negligence. It held that the language in the act that the operator of an automobile shall "be deemed the agent of the owner" did not mean that the operator was made the agent of the owner for all purposes but solely in situations where a third party was suing the owner. It argued that "the doctrine of contributory negligence does not effectuate the purpose of the statute of establishing financial responsibility for negligence. On the contrary, by barring plaintiffs it operates to defeat such responsibility by enabling negligent defendants to escape liability."

While we believe the question is not entirely free from doubt, we hold that the better reasoned view is that the contributory negligence of a bailee is attributable to a bailor under our Automobile Financial Responsibility Law.

The title of the statute is "An Act to promote safety on the public highways of the District of Columbia by providing for the financial responsibility of owners and operators of motor vehicles for damages caused by motor vehicles on the public highways in the District of Columbia; to prescribe penalties for the violation of the provisions of this Act, and for other purposes."[17]

In the first case involving the general interpretation of the act the United States Court of Appeals for this jurisdiction said:

"When we turn to the act and read the language of the section, we find that it is unambiguous and leaves nothing for interpretation. Unless, therefore, there is something in the title of the act or its context or its background which impels the conclusion that to give the section its literal meaning is clearly contrary to the intent of the Legislature in the passage of the act, it is our duty to construe it in accordance with the plain meaning of the words used."[18]

The court went on to say:

"We think the conclusion inescapable that Congress in the passage of the act intended not only to prescribe penalties for the unlawful and negligent operation of an automobile, whether by the owner or another, and to provide financial safeguards against recurrences, but to establish as well a new rule of liability in which agency is based on consent."

In that case the owner of the car had loaned it to another who was driving it on his own business or pleasure when it was involved in an accident with another automobile. The owner of the second car sued the owner of the first on the theory that under the act the negligence of the borrower was imputable to the owner. The relationship between the owner of the first car and its driver was obviously one of gratuitous bailment and there was no actual relationship of master and servant or principal and agent. The court held the negligence of the driver imputable to the owner. It so held upon the theory that the owner, by consenting to the use of the automobile by the driver, made the driver, under the statute, his agent.

We find nothing in the act to indicate that the Congress intended that a person

---

[15] Christensen v. Hennepin Transp. Co., supra.
[16] Id. [215 Minn. 394, 10 N.W.2d 414].
[17] 49 Stat. 166.
[18] Forrester v. Jerman, 67 App.D.C. 167, 90 F.2d 412, 413.

driving an automobile with the owner's consent is the owner's agent when the owner is being sued, but is not his agent when the owner is suing. When the owner is being sued his liability is based solely upon his so-called vicarious responsibility on the theory that the negligence of the driver is imputable to him because he gave permission to the driver to operate the car. We can not understand why the negligence of the driver is not imputable to the owner when the situation is reversed and the owner is suing. In both situations the car is being driven with the consent of the owner.

■ We believe it obvious that the statute had a twofold purpose: (1) To furnish a financially responsible defendant in case one driving a car with the owner's consent negligently caused damage to another, and (2) to promote more careful driving. Both of these purposes are served by imputing to the owner the negligence of one driving with the owner's consent, in all circumstances, whatever the legal relationship between them. But if the negligence of the driver is not imputable to the owner in all cases where consent to drive has been given, then an owner could collect damages from another even though his own driver's negligence was partially responsible for the accident. It seems clear to us that this would lead to the exercise of less care on the part of owners in entrusting their cars to others. Thus, under such an interpretation, one of the purposes of the act would be defeated.

This situation is vividly illustrated in the present case. The taxicab was driven by a bailee with the owner's consent. The truck was driven by an employee of the owner engaged upon the owner's business. The evidence probably would support a finding that both drivers were negligent and that the negligence of both contributed to the accident. Yet, if the truck owner sued the taxi owner the former could not collect damages because the negligence of the truck driver would be imputable to the owner under the doctrine of respondeat superior. The truck owner would thus

have to suffer his own loss. On the other hand, if the negligence of the taxi driver is not imputable to the taxicab owner, then such owner could collect damages from the truck owner on the theory that the truck driver's negligence is imputable to that owner while the taxi driver's negligence is not imputable to the cab owner.

If, however, the negligence of the taxi driver is imputable to the owner, just as the negligence of the truck driver is imputable to the truck owner, then, under the circumstances of this case, neither owner could collect from the other. The result would be that each owner would pay for his own damage. Such is the result of the doctrine of contributory negligence. We find nothing in the act to indicate that Congress intended to effect a change in that doctrine.

The same situation would result if both drivers were bailees and both were negligent and the negligence of each contributed in causing the accident. In other words, neither owner could collect damages, but the sole reason for this result would be that each owner had entrusted his automobile to a driver whose negligence had contributed as a proximate cause of the accident.

On the other hand, the act under our construction would be of benefit to an owner whose bailee was not negligent, because such owner could collect damages where the collision was due solely to the negligence of the other driver if the second car was being driven by the owner or with his consent.

■ It is clear that the Minnesota court arrived at its conclusion largely because of its expressed feeling that the contributory negligence rule in general was unfair. In this jurisdiction the rules with respect to contributory negligence were in effect long before the enactment of the Financial Responsibility Law. They furnished a part of the background of the act. Included in those rules was the rule that the contributory negligence of an agent or employee driving an automobile with the owner's consent is imputable to the principal or employer. We find nothing inconsistent in

extending that doctrine to a bailor consenting to the use of his automobile by another. Congress has not limited the theory of agency to cases where the bailor is being sued. We believe we would be invading the legislative field were we to do so.

Reversed.