Grafton, }
Feb. 6, 1923. }

## ELLA BOWLEY v. SAMUEL DUCA.

The rule that where two are engaged in a joint enterprise each is chargeable with the negligence of the other, has no application outside the joint undertaking and where there is no right of control or management.

Damages may be recovered for the mental suffering of a pregnant woman on account of her apprehensions as to the effect of her physical injury upon the child, though if versed in medical science she would have known that her fears were groundless.

Upon the question whether the defendant has been guilty of negligence, the rule of reasonable anticipation applies, but when his fault has been established, the rule has no application upon the issue of damages.

CASE, for negligence. Trial by jury, and verdict for plaintiff. The plaintiff's evidence tended to show that while she was riding with her husband in his automobile, driven by him, the defendant negligently operated his automobile, resulting in her receiving injuries. The defendant's evidence tended to show that the collision was due to the negligence of the plaintiff's husband. At the time the plaintiff was injured she was about five months pregnant. The child was born normal.

The defendant requested the following instructions, which were refused, subject to exception:

(1) If the plaintiff and her husband in going in the automobile engaged in a common enterprise or in the joint pursuit of a common purpose, then the negligence of Mr. Bowley, if any, is imputable to the plaintiff, and she cannot recover if the husband's negligence proximately caused or contributed to the accident.

(2) The plaintiff cannot recover damages on account of fear that the child when born would be marked on account of the accident unless such result could in fact have been caused or resulted from the accident; that the plaintiff can recover only such damages as are the natural and probable consequence of the accident.

Other facts are stated in the opinion.

A bill of exceptions was allowed at the January term, 1922, of the superior court by *Kivel*, C. J.

*Fred S. Wright* and *George W. Pike*, for the plaintiff.

*Charles H. Hosford* and *Searles & Graves* (of Vermont), for the defendant.

PEASLEE, J. The defendant claims that the plaintiff and her husband were engaged in a joint enterprise in operating his automobile. The situation is the same as that presented in *Collins* v. *Hustis*, 79 N. H. 446. In that case the occupants of the car were an engaged couple, who were riding for pleasure. Miss Collins was treated as O'Brien's passenger, and while no claim was made that his negligence was imputable to her, the decision that there could be a recovery for her death, but not for his, rests upon the assumption that his negligence was not to be imputed to her. Although the case is not to be treated as a decision of the point, it is of significance here as showing a common understanding upon the question. In the present case the occupants of the car were husband and wife, who were riding for a like purpose, and the added one of buying groceries. The latter object appears to have been the husband's business.

The proposition of law relied upon by the defendant — that where two are engaged in a joint enterprise each is chargeable with the negligence of the other — has no application outside the joint undertaking. *Beaucage* v. *Mercer*, 206 Mass. 492. Beyond that there is no right of control, and that right is here the test of responsibility for acts. *Noyes* v. *Boscawen*, 64 N. H. 361. There must be not only a joint interest in the objects or purposes of the enterprise, but also "an equal right to direct and govern the movements and conduct of each other with respect thereto." 20 R. C. L. 150. In the present case there is no evidence that the plaintiff either had or attempted to exercise any authority over the manner in which her husband operated his automobile in which she was riding. "In a practical point of view it certainly does not exist." *Bennett* v. *Company*, 36 N. J. Law 225, 227.

The question presented is not whether the plaintiff herself was negligent in failing to use due care, as a passenger, to watch for danger, and to give timely warning or reasonable advice to her husband. It is solely whether his independent negligence is to be imputed to her because of their relation. "It has never been held in this state that the negligence of one person is imputable to another, unless the former was the servant or agent of the latter." *Warren* v. *Railway*, 70 N. H. 352, 360.

It is urged that as the children of the plaintiff and her husband were riding with them, as one purpose in taking the trip was to give them a ride and as this was a common purpose of the husband and the wife, therefore the operation of the car was a joint enterprise.

But there is the same defect in the argument here as in the case where only the two parties are in the vehicle. Going upon the ride is the joint enterprise, while the operation of the car is the independent business of the person who has it in charge. In the cases cited by the defendant, the plaintiff had a right to a part in the control of the movements of the vehicle. In none of them is there any denial of the now quite uniformly accepted rule that such right of control is the test of responsibility for negligent operation.

The case chiefly relied upon by the defendant is *Wentworth* v. *Waterbury,* 90 Vt. 60. There two men were thought to have been engaged in a common enterprise when they took two women upon an automobile ride for the purpose of showing Lake Champlain to them. The automobile was the property of the driver's father, and it does not appear by what means or upon what terms its use was obtained. The facts, that the car was not the property of the driver and that he was at his father's place of residence temporarily, appear to have been considered as of importance. The details of the evidence are not reported, and it is said that the entire testimony indicates that the men "were engaged in the joint purpose of taking the two ladies for an afternoon's drive." But the case is not decided upon that ground. The court say that they are "inclined to think the case permits us to take" this view of the facts, and then add: "But if this view of the transcript is not warranted, then the plaintiff is prevented from recovering because it is not possible to say that the case tends to show that the plaintiff was himself free from contributory negligence. . . . Even though we regard the two as not engaged in a common enterprise, the plaintiff was not excused from taking reasonable measures for his own protection." The case falls short of sustaining the defendant's contention here.

The only evidence of a joint undertaking in this case is contained in three questions propounded to the plaintiff upon cross-examination, and her answers thereto. These were as follows:

"Q. Your principal object in taking that trip was to buy some groceries? A. Yes.

Q. And also to give the children an airing? A. Yes.

Q. And that was the common purpose of yourself and husband, wasn't it? A. Yes."

There is in this evidence not the slightest suggestion that the plaintiff thought she had any joint part in directing the movements of the car. Nor does it in any way point to the conclusion that she had such right, either as matter of law or in fact. It was the

ordinary situation of the wife and children riding with the husband and father. Had the defendant's counsel desired to establish the existence of an unusual relation of the parties toward the operation of the car, it was incumbent upon them to inquire further. It cannot be inferred upon the present state of the proof. As the evidence stands, the common purpose, or joint undertaking, did not extend to the management of the car. As there was no evidence upon which to base a finding that would charge the plaintiff with her husband's negligence, the requested instruction upon the subject was properly refused.

The defendant also excepted to the refusal to charge that the plaintiff could not recover for mental suffering endured by her because of apprehension that her child, born four months after the accident, would be deformed or marked because of what she had suffered, unless such result could be so caused. This request to charge was based upon the testimony of a physician (called by the defendant), to the effect that it is a fact well known in medical science that such a result cannot follow from such a cause. The error in the request, and in the argument in support of it, lies in the failure to appreciate precisely what it is that may be recovered for in a case like this. The mother cannot recover for the deformity of the child. Proof that the child was or was not deformed when born would not affect the amount of the mother's recoverable damage. *Prescott* v. *Robinson*, 74 N. H. 460. The award to her is on account of her apprehensions, entertained before the birth of the child, that certain untoward results concerning the child may follow as a result of the accident. It is a question of her mental suffering before the child is born. The existence of such suffering is not disproved by evidence that if she had been thoroughly versed in medical science she would have known that her fears were groundless.

If the test were the reasonableness of her mental attitude (a question upon which no opinion is expressed), her case upon this point is made out by the testimony of the same physician, who stated that while her theory of birthmarks is scientifically unsound, yet it is so uniformly accepted by the laity that a belief in it would be a reasonable one. Upon this matter the jury were instructed that the plaintiff could not "recover for mental anguish which is unnatural and the result of imagination or superstition." This afforded the defendant adequate protection.

The further argument that the defendant could not be held to foresee such a result, because of the scientific fact, seems logically

unsound. The popular view being the one generally accepted, the reasonable conclusion for · the defendant would be that it would probably be held by the plaintiff. And, in the absence of evidence to the contrary, it is the fair inference that the defendant himself was ignorant of the scientific fact, and not only would understand that the plaintiff would think upon the subject along popular lines, but would also understand that such view was the correct one. If reasonably to be apprehended consequences were the general test, it would afford no answer here. But however that may be, the rule in this jurisdiction is that "The question is not whether the damage was foreseen or foreseeable, but whether it in fact resulted as a direct consequence of the defendants' act." *Tuttle* v. *Dodge, ante,* 304, 311, and cases cited. Upon the question whether the defendant has been guilty of negligence, the rule of reasonable anticipation · applies. *Minot* v. *Railroad,* 73 N. H. 317, 321, and cases cited. But when his fault has been established, the rule has no application upon the issue of damages.

*Exceptions overruled.*

*Young,* J., was absent: the others concurred.