Sullivan,
Dec. 4, 1934.

REGINALD BRACKETT

*v.*

BELLOWS FALLS HYDRO-ELECTRIC CORPORATION.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Philip H. Faulkner* and *Ernest L. Bell, Jr.* (*Mr. Bell* orally), for the defendant.

BRANCH, J. Although the facts of this case are unusual, the principles of law applicable thereto are well settled and familiar.

The defendant admits that "the flowing of the plaintiff's land ... constituted a trespass." This being so, the defendant is liable for all the harm caused to the plaintiff by the trespass unless his own conduct was such as to bar him from recovery. "If the close is illegally entered, a cause of action at once arises. Whatever is done after the breaking and entering is but aggravation of damages." *Brown* v. *Manter*, 22 N. H. 468, 472; 1 Am. Law Inst., Restatement of Torts, s. 160, Comment *k;* 2 *Ib. s.* 380.

The question of the plaintiff's contributory negligence was decided adversely to the defendant by the verdict of the jury and the only question argued here has been one of causation, namely, whether it could be found that the flowing of the plaintiff's land was the legal cause of his injury.

This question was presented in two forms by the motion for a nonsuit and the defendant's requests for instructions. The motion for a nonsuit was based upon the ground that "the injury to the plaintiff was not the natural and probable consequences of the defendant's act in raising the water in the Connecticut River." In its requests for instructions the defendant asked the court to charge that a ver-

dict could not be rendered for the plaintiff unless the jury found that the defendant "should have anticipated that by reason of the setting back of the waters of the Connecticut River onto the plaintiff's premises by its dam, muskrats would . . . dig burrows and holes on the plaintiff's premises and that as a result thereof the plaintiff while driving his mowing machine on his premises, would break through one of these burrows or holes and be thrown from the mowing machine and be injured."

The defendant's whole argument is based upon the proposition that a wrongdoer is liable only for those consequences of his act which were probable and should have been anticipated by him when he acted. This is not the law. Liability for the consequences of a tortious act does not depend, as the defendant asserted in its requests for instructions, upon anticipation by the wrongdoer of the way in which his wrong actually results in harm. In this jurisdiction "the question is not whether the damage was foreseen or foreseeable, but whether it in fact resulted as a direct consequence of the defendant's acts." *Tuttle* v. *Dodge*, 80 N. H. 304, 311 and cases cited. In actions based upon negligence the rule of reasonable anticipation may be decisive of the question whether the defendant's conduct measures up to the standard of due care. *Minot* v. *Railroad*, 73 N. H. 317, 321, and cases cited. But when a tortious act committed by the defendant has been proved, the rule has no application upon the issue of damages. *Bowley* v. *Duca*, 80 N. H. 548, 552; *Derosier* v. *Company*, 81 N. H. 451. This point has been so thoroughly considered in the cases above referred to that further discussion at this time is superfluous.

"The question [of causation] is essentially one of fact, and is so treated in this jurisdiction." *Derosier* v. *Company*, *supra*, 462. The jury was instructed in a form favorable enough to the defendant, that "the question is not whether the damage, in the precise form it took, was or might have been foreseen, but whether in fact it resulted as a direct consequence of the defendant's act." There appears to be no reason for disturbing the verdict of the jury upon this issue.

*Judgment on the verdict.*

PAGE, J., did not sit: the others concurred.