Hillsborough,
Jan. 1, 1935.

ROGER BISSONNETTE *v.* JOSEPH CHEVERETTE.

*Hurley & Connor (Mr. Connor orally), for the plaintiff.*

*Timothy F. O'Connor and Myer Saidel (Mr. Saidel orally), for the defendant.*

WOODBURY, J. In this case there is the same conflict in the evidence as is usually found in cases of this description. Each driver, after testifying to his own due care, charges the other with entering the intersection at excessive speed, without sounding his horn, and without keeping a sufficient lookout.

The defendant seeks to escape the consequences of the evidence that he was driving too fast by pointing out that no witness, except one, attempted to state his speed in miles per hour, and that the one witness, who did give the defendant's speed in figures had but a brief time to make his observation. These contentions are without merit.

There was testimony that the plaintiff entered the intersection at a speed of fourteen to eighteen miles per hour. The witness, who did not express the defendant's speed in figures, said that the defendant as he entered the intersection was going "much faster" than the plaintiff. This is sufficient to indicate that the defendant's speed was greater than the *prima facie* legal limit for that intersection, which is fixed by statute (Laws 1927, c. 76, s. 2), at fifteen miles per hour. Testimony as to speed is not to be rejected because not couched in terms of delusive exactness.

The testimony of the witness who stated the defendant's excessive speed in miles per hour, is not to be rejected because of the brevity of his observation. The testimony is admissible on the issue if it appears that he observed. The fact that he observed for but a short time has no greater effect than to detract from his credibility. *Bennett* v. *Larose*, 82 N. H. 443, 445.

The defendant further contends that there is no evidence from which the jury could find that the defendant failed to keep such a lookout as due care required when he approached the intersection. There is evidence from which the jury could find that the defendant looked

north up Beech street, when he was about forty feet from the corner, and seeing no traffic approaching, concentrated his attention to his right where the view was obstructed, not looking north again until he was at the intersection, when, for the first time, he saw the plaintiff but was then unable to stop in time to avoid the accident. The defendant's right to prior passage under the law as to right of way (P. L., c. 90, s. 3), was not absolute. How much attention he should have given to traffic approaching from the left, in view of his inability to see down Beech street to his right, was a question of fact for the jury. In this case they could find negligence from the fact that he was unable to stop after looking to his left the second time, and so should either have looked sooner or else driven his car at a slower speed.

Much the same situation applies to the plaintiff as he entered the intersection. It could be found that he looked to his right when thirty to thirty-five feet from the corner, saw nothing, and proceeded until well into the intersection before he again looked to his right when he first saw the defendant but was then unable to avoid the collision. This evidence is doubtless sufficient to support a finding that he also was negligent, but it does not compel such a finding as a matter of law. The plaintiff's view to his left was obstructed by a building close to the corner. The jury might have considered that in view of this obstruction, he gave as much attention to his right as the man of ordinary prudence would have given and so was blameless in driving as he did.

The plaintiff is not to be charged with negligence as a matter of law because the accident occurred at an intersection at which the defendant had the right of way, *Gendron* v. *Glidden*, 84 N. H. 162. Although there was evidence that the cars reached the corner at approximately the same time, there was also evidence that the plaintiff was in the area of the intersection when he saw the defendant about fifty feet from it, but did not appreciate the speed at which he was coming. Should the jury accept the latter version of the testimony as correct, we cannot say as a matter of law that they must find therefrom that the plaintiff, as a reasonable man, must have anticipated the likelihood of a collision and so have granted the right of way. There was evidence from which the jury might have found that either or both drivers were negligent. There was also evidence from which they could have found that either or both were free from fault. Under these circumstances the issue of their due care was for the jury.

All concurred.

*Judgment on the verdict.*