Grafton,
Jan. 2, 1940. } No. 3133.

GEORGE E. DUNSMORE *v.* RALSTON PURINA COMPANY.

*Alvin F. Wentworth*, for the plaintiff.

*Norris Cotton* and *Atlee Zellers*, for the defendant.

MARBLE, J.   The accident occurred near the intersection of Main and Warren Streets in Plymouth at about 9:30 o'clock in the evening. It was snowing and the road was icy.   The plaintiff was driving easterly on Warren Street and the defendant's truck was proceeding south on Main Street.   The plaintiff testified that he brought his car to a complete stop before entering the intersection and that as he started forward, intending to turn north, he saw the lights of the approaching truck.   He did not wait for the truck to pass, however, but "cut right straight across" Main Street to the east lane of cement and, when he saw that an accident was imminent, drove onto the sidewalk, where the collision took place.

The driver of the truck testified that he saw the plaintiff's car and assumed that it would halt at the stop sign erected at the intersection, that it did not stop but "kept creeping out into the street," that he applied his brakes but that they did not hold because of the ice, and that he then swerved sharply to the left in an attempt to avoid striking the car.

The plaintiff declared that the driver of the truck as soon as the accident occurred admitted that he was "absolutely in the wrong, and to blame."   The driver denied making any such statement.

The case is one involving the usual conflict of testimony (see *Murphy* v. *Winter*, 87 N. H. 481, 482; *Bissonnette* v. *Cheverette*, 87 N. H. 211, 212), and the finding of the trial court as to the weight of the evidence is final (*Wisutskie* v. *Malouin*, 88 N. H. 242; *Hosmer* v. *Federico*, 89 N. H. 378, 380).

There is no merit in the plaintiff's contention that the defendant is liable as a matter of law because the driver of the truck turned to the left.   The plaintiff stated that he had reached the easterly lane of cement and turned north before the accident occurred.   Assuming that the law of the road (P. L., *c.* 90, *s.* 1) was applicable in such a situation, it could well be found, in view of the plaintiff's earlier conduct, that an emergency existed which justified a disregard of the statutory requirement (see 2 Elliott, Roads and Streets, (4th *ed.*), *s.* 1081) and that the truck driver's conduct was reasonable under the circumstances.

Discussion of the subject is unnecessary, however, for no exceptions appear to have been taken by the plaintiff at the trial, and a motion

472

to set aside a verdict as against the law presents no question of law not previously saved by exception.  *Bennett* v. *Larose*, 82 N. H. 443, 445; *Salvas* v. *Cantin*, 85 N. H. 489, 492; *Ricard* v. *Insurance Co.*, 87 N. H. 31, 34.

*Judgment on the verdict.*

All concurred.