Hillsborough,  } No. 3212.
Feb. 4, 1941. }

GRACE BAKER CEDERGREN *v.* SEYMOUR HADAWAY.

*Saidel, Lemelin, Hurley & Betley (Mr. Betley* orally), for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendant.

WOODBURY, J.   The automobile collision which caused the injuries for which the plaintiff here seeks compensation occurred as the plaintiff was maneuvering her car out of a parking space beside the curb on North Main Street in Manchester.  She testified, and her husband who was sitting beside her on the front seat corroborated her, that some two minutes before the collision took place she cramped her front wheels to the left, looked around for approaching traffic but saw none, and started out into the highway.  However, when she had moved her car forward far enough to swing its front end a foot or a foot and a half out from the curb she stopped to permit her

husband to talk with a man on the sidewalk. While her car was stationary in this position both she and her husband testified that the defendant drove up from behind at an excessive rate of speed and ran into the left front fender and wheel of her car thereby forcing it ahead so that its right front fender and wheel collided with the left rear fender and wheel of a car parked beside the curb some five or six feet in front of it.

The defendant testified that as he drove along the street at a reasonable and proper rate of speed and keeping a lookout ahead, the plaintiff, without looking, suddenly moved out from the curb into his path, and that when she did so he was so close behind her that it was impossible for him to avoid the collision. He takes the position that there is in the record no competent evidence of his causal negligence, that the plaintiff's version of the accident is inherently incredible, and that the evidence conclusively establishes the plaintiff's contributory negligence.

The defendant's first proposition is based upon the fact that although the record contains evidence of his excessive speed immediately following the collision it contains none that his speed was excessive immediately prior thereto. Obviously from evidence of excessive speed immediately after a collision excessive speed immediately before it can be inferred. Automobiles cannot yet be accelerated with the speed of rockets. See *Dimock* v. *Lussier*, 86 N. H. 54, 59. The further fact that the witness who testified to the defendant's excessive speed had only a brief time to observe it affects only the weight of his testimony, not its competence. *Bissonnette* v. *Chevarette*, 87 N. H. 211.

The defendant contends that the collision could not have occurred as the plaintiff said that it did, and in consequence that he is entitled to judgment under the rule of *Fraser* v. *Railway*, 84 N. H. 107 and *Brown* v. *Mailhot*, 89 N. H. 240, because after the collision the right front fender of the plaintiff's car could not have hit the left rear fender of the car parked in front of it unless before the collision the plaintiff's car was much further out into the street than the plaintiff said that it was. He argues that the glancing blow from the rear given by his car to the plaintiff's must have tended to force the latter to the right toward the curb and that this would render impossible a collision between its right front corner and the left rear corner of the car in front of it. While it is true that the force of the impact must have had some tendency to push the plaintiff's car to the right, it is also true that the force of the impact must in addition have had

some tendency to impel it forward and this forward impulse, combined with the cramped position of its front wheels, would tend to swing it to the left. In view of the defendant's testimony that he turned his car to the left just before the impact we cannot accept his argument because we cannot say which force acting upon the plaintiff's car was the stronger; we cannot say as a matter of law that the force to the right imparted to the plaintiff's car by the collision must have been so strong that it could not have been more than counterbalanced by the force to the left resulting from the impulse forward acting upon the front wheels cramped to the left.

The fact that the plaintiff in reports to the police of Manchester and to the Commissioner of Motor Vehicles of the State made statements about the accident at variance with her statements about it in court does not require the rejection of the latter statements as a matter of law. The reports were made by the plaintiff and contained recitations of facts material to the cause inconsistent with her testimony upon the witness stand. As such they were admissible in evidence against her. *Caswell* v. *Maplewood Garage*, 84 N. H. 241, 244. But her testimony on the stand was also evidence in the case. The jury were at liberty to accept either her first or her second version of the accident whichever they in their discretion should find the more convincing. "It has never been suggested that parties are irrevocably bound by the force of their extra-judicial declarations or admissions." *Coté* v. *Company*, 86 N. H. 238, 241. See also *Goldstein* v. *Corporation*, 86 N. H. 402, 405.

The defendant's argument that the plaintiff's contributory negligence must be found as a matter of law is based upon the facts as testified to by him. It suffices to say that on the facts given on the stand by the plaintiff the jury could have found either that she was free from fault or that the defendant had the last clear chance to avoid the collision.

No arguments in addition to those already considered have been advanced by the defendant in support of his motion to have the verdict set aside.

*Judgment on the verdict.*

ALLEN, C. J., concurred in the result: the others concurred.