Rockingham, June 25, 1943. } No. 3418.

JOSEPHINE FREEMAN *v.* NORA C. SCAHILL.

LOUIE R. H. FREEMAN *v.* SAME.

*William H. Sleeper*, by brief, for the plaintiffs.

*Hughes & Burns* (*Mr. Walter A. Calderwood* orally), for the defendant.

*Per Curiam.* The plaintiff's car was proceeding westerly and the defendant's easterly, when the plaintiff's left rear fender came in contact with the defendant's left front fender. The plaintiff's car then deflected to the right and after going a distance of seventy feet, hit a snowbank two or three feet high and not too hard packed, where it had been plowed back from the pavement. Straddling this bank, the plaintiff's car proceeded sixty feet through the snowbank and brought up against a pole with such force as to do considerable damage to the front of the car and to throw the driver forward onto the steering-wheel and bend it.

At no point did the plaintiff Louie apply his brakes. The pavement was clear of snow and dry, his brakes and tire-treads were in excellent condition, and he was driving up-grade. If he had applied his brakes while going twenty to twenty-five miles an hour, which he said was his speed, he would have come to a stop before he reached the snowbank, as all the witnesses agree.

Albert Bureau, a witness for the plaintiffs, had examined the car and testified as to the damages. He had had eighteen years experience in appraising cars. On cross-examination he testified that "the front end [of the plaintiff's car] got a real good blow." He was asked how fast the car was going, in his opinion, when it hit the pole. The plaintiffs' counsel stated he had no objection to the witness' answering this question "if he has the science." Upon further questioning for qualification, it appeared that the witness had had a "lot of experience" in examining cars that had been in accidents, and had seen "a good many of them." In this experience, he had learned more or less of the history and circumstances under which the accidents happened. The witness was then asked to give an opinion, based on his experience in other cases, as to the speed of the plaintiff's car when it hit the pole. Upon objection that he was not qualified to answer, the Presiding Justice found that he was. Subject to exception, the witness was permitted to say that the speed, in his opinion, was thirty-five to forty miles an hour.

We cannot say that it was an abuse of discretion to find the witness, with a long and wide experience, could be of aid to the jury, even if he had no scientific knowledge as to the resisting powers of metal, and even though he did not see the accident and did not examine the car directly afterwards. *Watkins Co.* v. *Company*, 88 N. H. 476; *Weiss* v. *Wasserman*, 91 N. H. 164, 166; *Dowling* v. *Company*, 91 N. H. 234, 236. If the witness was limited by having no engineering knowledge, but only practical experience, that went merely to the weight of his opinion. *Cedergren* v. *Hadaway*, 91 N. H. 270, 271.

The plaintiffs excepted to the refusal to charge, "It would be proper for you to bring in a verdict for Josephine Freeman in this case although you might not return a verdict in favor of her husband, that is, if you should find that each of the drivers were partly at fault for the collision and Mrs. Freeman was a passenger." There was no evidence at all that Mrs. Freeman was a bailor of her car and her husband the bailee, while she was a mere gratuitous invitee of her husband. She was traveling in her own car. Since she had no driver's license, her husband was operating it. As owner, she had full power to control her husband's conduct while she was present. Consequently his negligence was chargeable to her. *Niemi* v. *Railroad*, 87 N. H. 1, 3; *Tufts* v. *White, ante*, 158.

*Judgment on the verdicts.*

BURQUE, J., did not sit.