Belknap,
No. 4518.

FARM BUREAU MUTUAL AUTOMOBILE INSURANCE CO.

*v.*

ETHEL W. GARLAND & a.

Argued October 2, 1956.

Decided October 31, 1956.

*Upton, Sanders & Upton* and *Wesley E. Whitney* (*Mr. Whitney* orally), for the plaintiff.

*Nighswander, Lord & Bownes* (*Mr. Bownes* orally), for the defendant Garland.

*Bernard I. Snierson* and *John P. Chandler* (*Mr. Chandler* orally), for the defendant Abrams.

DUNCAN, J. By its policy issued to the defendant Garland, the plaintiff undertook "to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person . . . and arising out of the . . . use of the automobile." The policy further provided that "the unqualified word 'Insured' includes the Named Insured and also includes any person while using the automobile . . . provided the actual use . . . is by the Named Insured or with his permission"; but that the "insurance with respect to any person . . . other than the Named Insured does not apply" to certain specific classes of persons which concededly would not include the defendant Abrams. Under the omnibus provisions quoted above, Abrams was an insured, and the basic policy, unless modified by an endorsement hereinafter considered, operated to indemnify him against liability for bodily injuries sustained "by any person," including the named insured. *Howe* v. *Howe*, 87 N. H. 338. 7 Appleman, Insurance Law & Practice, s. 4409.

Without seriously disputing the effect of the quoted provisions of the policy, the plaintiff contends that they were modified by the statutory motor vehicle liability endorsement attached to the policy, and that the provisions of this endorsement operate to exclude from coverage any liability of the defendant Abrams to the defendant Garland as the "Named Insured."

The statutory endorsement so relied upon provides in part that the policy "as amended by this endorsement is a Motor Vehicle

Liability Policy as defined in Chapter 122, Revised Laws of the State of New Hampshire as amended, and all policy provisions required by said chapter are hereby expressly incorporated in the policy by reference."

The provisions of the statute, now appearing in RSA ch. 268, define a "Motor Vehicle Liability Policy" as one which provides protection to the "insured and to any person responsible to him for the operation of the insured's motor vehicle" against liability for bodily injuries sustained "by any person other than the insured" and certain other classes of persons therein described. RSA 268:1 VII. Relying upon these provisions, the plaintiff argues that since the policy was amended by incorporation of the "policy provisions required" by the statute (*Merchants &c. Cas. Co.* v. *Tuttle,* 98 N. H. 349), the endorsement operates to restrict the broad coverage of the omnibus clause of the basic policy (see *Fidelity & Casualty Company of New York* v. *Reece,* 223 F. (2d) 114) to persons "other than the [named] insured." *S.* 1 VII, *supra.*

Reliance is placed upon the legislative history of section 1 to support the argument that following the decision in *Howe* v. *Howe, supra,* the Legislature intended by amendment adopted in 1937 (Laws 1937, *c.* 161, *s.* 1) to abrogate the rule established by that decision. If the effect of the 1937 amendment was debatable, any doubts concerning its purport were set to rest by the 1941 amendment (Laws 1941, *c.* 198, *s.* 4) which brought the section to its present form. If we accept for purposes of this case the plaintiff's argument as to what the language used in 1937 was intended to provide, we think that the statute as it appeared when the policy was written, and in its present form, does not have the effect contended for by the plaintiff.

While the Financial Responsibility Act was "designed . . . to regulate . . . the rights and obligations of insurers issuing policies to comply with the statute" (*Hartford &c. Ind. Co.* v. *Come,* 100 N. H. 177, 184), its primary purpose was by that means "to provide compensation for innocent persons who might be injured through faulty operation of motor vehicles." *Hartford Ind. Co.* v. *Wolbarst,* 95 N. H. 40, 43; *Hardware &c. Cas. Co.* v. *Tobyne,* 98 N. H. 318, 322. It is not to be presumed that by indicating policy provisions which should satisfy the financial security features of the statute, the Legislature intended to forbid provisions which would furnish broader coverage and hence do more to accomplish the legislative purpose than the provisions specified in the statute.

Section 1 of the statute defines the type of policy which will qualify as security under the statute. A policy which does so qualify becomes subject to other provisions of the statute which are designed to protect the rights of injured third persons. As to such persons, the "Required Provisions" specified by section 16 are deemed to be a part of the policy, whether expressly set forth in the policy or not. The language of section 1, however, being descriptive in nature, was not intended to replace the provisions of the basic policy, nor was it designed to rob the policy language of all effect. No more was the endorsement intended to substitute the provisions of section 1 VII for those of the policy.

A policy may qualify under section 1 although it does not afford protection against claims for "damages to . . . property of others in charge of the insured or his employees," or for "injuries . . . sustained . . . by . . . the insured" or by "employees of the insured . . . entitled to . . . workmen's compensation." *S.* 1 VII. A policy may qualify although the protection afforded in the operation of a vehicle owned by another is limited to the named insured, his spouse, chauffeur or servant and "applies only if no other valid and collectible insurance is available to the insured." *Id. Merchants &c. Cas. Co.* v. *Tuttle, supra,* 98 N. H. 349, 355. Thus, by definition, a motor vehicle liability policy within the act need not provide coverage in the varying circumstances stated.

It is obvious that these exclusions, or limitations upon coverage, were permitted by the Legislature, not because they were in furtherance of its purpose in enacting the statute, but because the coverage was not deemed essential to accomplishment of the legislative purpose. The view cannot be entertained that a policy which otherwise qualifies under the statutory definition of section 1 VII is not a "motor vehicle liability policy" within the statute because it affords coverage in a situation where coverage is not required by the statute.

"Apart from statutory obligations and questions of public policy, insurers may sell such coverage as they wish." *Hartford Ind. Co.* v. *Wolbarst, supra,* 95 N. H. 40, 42. The Legislature undertook to prescribe a minimum coverage which should be acceptable to qualify a policy under the statute. Having a purpose to encourage insurance protection for the general public, the Legislature should not be presumed to have required exclusions because it permitted them. Thus should provisions of a policy afford coverage in Mexico, in addition to the required coverage "within the limits of

the United States of America [and] the Dominion of Canada" (*s.* 1 VII, *supra*), those provisions should not be held ineffective for that reason. It is true that within statutory limits, exclusions not permitted by the statute are made ineffective by a statutory endorsement. *American Casualty Company* v. *Senecal* 100 N. H. 261. But no extensions of coverage are forbidden, and insurers are free by use of a motor vehicle liability policy to provide coverage not described by section 1, as did the policy in the case last cited. See *Petition of Keyser,* 97 N. H. 404, 407.

Moreover, so long as the rights of injured third persons are not affected, insurance companies may make such agreements as may be acceptable to the parties to the contract. The contracting parties may, and do, provide for reimbursement (*s.* 15; see *Employers &c. Ins. Co.* v. *Byers,* 99 N. H. 455), but they are not compelled to require it. What is required by the statute is that their agreements shall not operate to cut off the rights of injured third persons because of the conduct of the insured or agreements which he has made. *S.* 16. *Hartford Ind. Co.* v. *Wolbarst, supra; Farm Bureau Ins. Co.* v. *Martin,* 97 N. H. 196.

Consequently, we conclude that although the Legislature intended by section 1 VII to permit the named insured to be excluded from coverage as a beneficiary of the insurance afforded to unnamed insureds, such an exclusion is not required. Coverage or non-coverage in such a case remains optional with the parties to the contract. The plaintiff's liability is therefore governed by the terms of its basic policy, unaffected by the endorsement, which operates to incorporate by reference only those provisions of the statute which are "required" for the purpose of protecting innocent third persons. *S.* 16. Since no exclusion was provided by attachment of the statutory endorsement, the plaintiff is obligated to satisfy any judgment in the action brought by its insured against the defendant Abrams. *Howe* v. *Howe, supra; Aetna Cas. & Surety Co.* v. *General Cas. Co.,* 285 App. Div. 767.

It is settled that the "company's duty to defend is at least co-extensive with its obligation to satisfy any judgment." *Priddle* v. *Insurance Company,* 100 N. H. 73, 78. Both of the transferred questions are answered in the affirmative.

*Remanded.*

All concurred.