## 42870. WOLVERINE INSURANCE COMPANY v. STRICKLAND.

JOSLIN, Judge. This is an appeal from an order overruling the defendant's general demurrer.

The relevant facts alleged in the petition as amended are as follows: On November 15, 1961, the defendant insurance company issued a liability insurance policy to Albert S. Ferguson, doing business as Ferguson Trucking Service, a copy of which was made a part of the petition. This policy provided coverage for injuries caused while the insured was using another's automobile. (The use of other automobile clause.) Pursuant to *Code Ann.* §§ 68-509 and 68-612, requiring motor carriers to file a policy of indemnity insurance, the defendant on May 25, 1962, filed with the Georgia Public Service Commission, a certificate stating that the defendant insurance company had issued to A. S. Ferguson, doing business as Ferguson Trucking Service, the policy in question, and that this policy would continue in effect until canceled. The plaintiff was injured in an accident involving a vehicle owned by one Outz while driven by Ferguson, the insured, on April 9, 1965, and judgment was later entered for the plaintiff against Ferguson as a result of this accident. The policy involved here was canceled on June 8, 1966.

The petitioner attempts to allege two bases for his cause of action, one upon the insured's liability under *Code Ann.*

§§ 68-509 and 68-612, and the other upon the insured's liability under an initial insurance policy issued to one Ferguson. No cause of action is pleaded to be sufficient against the general demurrer as to the statutory base alone, for that liability is confined to injuries caused by the negligence of motor carriers, and there is no allegation that the car being driven by the insured was being driven in that capacity at the time of the injury. See Code Ann., supra, and §§ 68-502 (c), 68-601 (e). The second base for the cause of action, however, is sufficiently pleaded to withstand a general demurrer. It is alleged that the initial insurance policy did provide coverage for injuries caused while the insured was using another's automobile, and allegations are also made that this insurance was in effect at the time of the accident.

The fact that the Georgia Code requires certain insurance coverage for motor carriers, and an insurance company does assume this coverage, does not forbid or annul provisions in a policy which furnish a broader coverage. See Farm Bureau Mut. Auto. Ins. Co. v. Garland, 100 N. H. 351 (126 A2d 246).

The petition of the plaintiff alleges a cause of action, and the order overruling the defendant's general demurrer is affirmed. See *Blaylock v. Hackel,* 164 Ga. 257 (138 SE 333).

> *Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

SUBMITTED JUNE 12, 1967—DECIDED JUNE 22, 1967.

*Fulcher, Fulcher, Hagler, Harper & Reed, William C. Reed, Peek, Whaley & Blackburn, J. Corbett Peek, Jr.,* for appellant. *Henry R. Smith,* for appellee.