Rockingham
No. 79-134

DONNA BAKER

v.

DONALD LORD

December 12, 1979

*Hanrahan, Brennan & Michael*, of Merrimack (*Gregory E. Michael* orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, orally), for the defendant.

GRIMES, C.J. The issue in this case is whether an owner-passenger in an automobile is barred from recovery against the driver by the doctrine of imputed negligence. We hold that there is no such bar.

This is an action to recover damages for personal injuries alleged to have resulted from an automobile accident which occurred in July 1966. The plaintiff was the owner of the vehicle in which she was riding as a passenger and which was being driven by the defendant. Prior to trial the defendant filed a motion for summary judgment on the ground that the plaintiff, being the owner and present in the vehicle, would be barred from recovering because the negligence of the defendant, if any, would be imputed to her. The motion was granted and plaintiff's exception was transferred by *Wyman*, J.

The defendant relies upon *Freeman v. Scahill*, 92 N.H. 471, 32 A.2d 817 (1943) where it was held that the plaintiff owner-passenger was barred from recovering against the operator of the other vehicle involved in a collision because the contributory negligence of her driver was imputable to her. This ruling was based upon the theory that an owner who is present in the vehicle has full power to control the conduct of the driver. *See also Clark v. Town of Hampton*, 83 N.H. 524, 145 A. 265 (1929).

Plaintiff argues that the doctrine of imputed negligence is on the decline. Some courts have concluded that it is unrealistic in modern highway travel to expect one to exercise control over the driver of a vehicle and have ruled against imputing negligence in such cases. *See Weber v. Stokely-Van Camp, Inc.* 274 Minn. 482, 144 N.W.2d 540 (1966); *Bowley v. Duca*, 80 N.H. 548, 120 A. 74 (1923).

■ We need not pass upon the continued validity of the *Freeman v. Scahill* doctrine, however, for we are convinced that it has no application to the facts of this case. In *Freeman* plaintiff's action was against a third person and not against the driver of her own vehicle. We have had no case called to our attention in which the active negligence of a driver is imputed to one who is injured so as to bar recovery against the driver, and we have found none.

In *Howe v. Howe*, 87 N.H. 338, 179 A. 362 (1935) and *Farm Bureau Ins. Co. v. Garland*, 100 N.H. 351, 126 A.2d 246 (1956), suits were maintained by the owner-passenger against the driver although it does not appear that the issue of imputed negligence was raised. In *William H. Field Co. v. Nuroco Woodworking, Inc.*, 115 N.H. 632, 348 A.2d 716 (1975), it was indicated that one who became liable to a third party because of the imputed negligence of another could recover indemnity from that other person whose active negligence caused the injury.

■ The fact that the negligence of an agent is imputed to the principal when a third party sues the principal has never barred the principal from recovering from the agent. There is no reason why any different principle should apply between the owner-passenger and the driver of an automobile. *Smalt v. Rider*, 126 N.Y.S.2d 868 (1950); *Beam v. Pittsburgh Rys. Co.*, 366 Pa. 360, 77 A.2d 634 (1951). It would be unjust to allow a wrongdoer to insulate himself from liability by imputing his own negligence to the one he injures. *Wheatley v. Peirce*, 354 Mass. 573, 238 N.E.2d 858 (1968); *Alderman v. Noble*, 296 Mass. 30, 4 N.E.2d 619 (1936). *See Cooper v. Bray*, 21 Cal.3d 841, 582 P.2d 604 (1978). We hold that the motion for summary judgment was erroneously granted.

*Exceptions sustained; remanded.*

BOIS and KING, JJ., did not sit; the others concurred.