Faith MITCHELL

v.

Charles R. REPUCCI et al.

85–147–Appeal.

Supreme Court of Rhode Island.

Sept. 26, 1986.

Timothy D. O'Hara, Providence, for plaintiff.

Richard L. Patz, R. Sheridan, Jr., Roberts Carroll Feldstein & Tucker, Inc., Providence, for defendants.

## OPINION

**PER CURIAM.**

This is a Superior Court negligence action in which the plaintiff sought damages for injuries she received when her motor vehicle was involved in a collision with a rental automobile registered to Joni's Auto Sales and operated by Charles R. Repucci. The third defendant, Daniel Ross, was the operator of the plaintiff's vehicle.

A Superior Court jury determined that neither the rental agency nor Repucci was negligent. However, it further found that plaintiff was 40 percent negligent, while Ross was 60 percent at fault. The jury awarded plaintiff $9,186 in damages.

The trial justice reduced the award by the 40 percent attributable to plaintiff's negligence and further reduced the award by the 60 percent negligence figure determined by the jury. In making the further reduction, the trial justice relied upon the provisions of G.L.1956 (1982 Reenactment) § 31–33–6, which, in its pertinent portions, provides that whenever a motor vehicle is operated upon the public highways of the state with the consent of the owner, be it expressed or implied, the operator of the vehicle shall be deemed to be the agent of the owner.

The plaintiff first relies upon *Darman v. Zilch,* 56 R.I. 413, 186 A. 121 (1936), where the court ruled that no presumption of contributory negligence arises against a plaintiff owner of a vehicle in a suit against the operator for negligence. The plaintiff contends that the statutory agency is applicable only in actions where recovery is sought by a third party and was never intended to be a defense in an action brought by the principal against the agent.

This conclusion finds support in *Baker v. Lord,* 119 N.H. 868, 409 A.2d 789 (1979), where the court observed that the fact that the negligence of an agent is imputed to the principal when a third party sues the principal has never barred the principal from recovering from the agent. There is no reason why any different principle should apply between the owner-passenger and the driver of an automobile. In the 1920s this court in *Guerin v. Mongeon,* 49 R.I. 414, 143 A. 674 (1928), considered a statutory predecessor to § 31–33–6, to wit, P.L.1927–28, ch. 1040, sec. 3, which in essence made the operator the owner's agent. The court emphasized that the "evident purpose of this new statute is to safeguard the public from the negligent operation of any motor vehicle and to make the owner liable for injury caused thereby if the operation is with his consent." It would appear that long ago the court recognized that the purpose of the statute was to safeguard third parties rather than to create a new relationship between the owner and driver.

The plaintiff's appeal is sustained; the judgment appealed from, insofar as it applies to Ross, is vacated; and the case is remanded to the Superior Court.[1]

MURRAY and SHEA, JJ., did not participate.

1. This matter originally came before a panel of this court on the monthly show-cause calendar. Since the members were of the opinion that the issue raised was deserving of some comment, it was decided to publish this opinion rather than issue an order summarily sustaining the plaintiff's appeal.