A91A1578. NATIONAL UNION FIRE INSURANCE COMPANY v. SORROW.
(414 SE2d 731)

POPE, Judge.

Plaintiff George T. Sorrow brought suit against defendant Frito Lay, Inc., and its employee James T. Gibson for injuries he allegedly received when he was involved in a collision with a step van owned and operated by Frito Lay and driven by Gibson. Pursuant to OCGA §§ 46-7-12 (e) and 46-7-58 (e), which provide for direct prejudgment actions against liability insurers of motor common carriers and motor contract carriers, respectively, Sorrow also named National Union Fire Insurance Company of Pittsburgh, Pa. (National Union), Frito Lay's liability insurer, as a party defendant to the action. Both sides

filed motions for summary judgment, which the trial court denied on January 17, 1991. This appeal follows our grant of National Union's application for interlocutory review of that order. *Held*:

National Union contends the trial court erred in denying its motion for summary judgment because the step van involved in the accident giving rise to this litigation was neither a motor common carrier nor a motor contract carrier as those terms are used in OCGA §§ 46-7-12 and 46-7-58. We agree. "Carrier" is defined in OCGA § 46-1-1 as "a person who undertakes the transporting of goods or passengers *for compensation*." (Emphasis supplied.) The definitions of motor contract carrier and motor common carrier contained in Title 46 both pertain to the business of transporting persons or property *for hire* over the public highways of Georgia. OCGA § 46-1-1 (7) (A) and (B). OCGA § 46-7-2 provides for the regulation of "the business of any person engaged in the transportation as a common carrier of persons or property, either or both, *for hire* by motor vehicle on any public highway of this state. (Emphasis supplied.) As to contract carriers, OCGA § 46-7-50 provides in pertinent part that "[t]his article is intended to state the conditions and regulations under which *motor carriers for hire*, other than common carriers and private carriers, are permitted to operate over the highways of this state." (Emphasis supplied.) "For hire" is defined as "an activity wherein for compensation a motor vehicle and driver are furnished to a person by another person. . . ." OCGA § 46-1-1 (6).

Turning to facts of this case, the record shows Frito Lay's step van was used exclusively by Frito Lay to transport its own products; it was never held out for hire to the public and was not used or hired by the public for the transportation of either goods or people. We agree, therefore, that the vehicle involved in the accident in this case was neither a common nor contract carrier as those terms are defined in Title 46 and used in the direct action provisions contained in OCGA §§ 46-7-12 and 46-7-58. "[T]he direct pre-judgment cause of action against an insurer that is created by OCGA § 46-7-12 [and § 46-7-58] contemplates the existence of a cause of action against a 'motor common carrier' [or motor contract carrier]." *National Indem. Co. v. Tatum*, 193 Ga. App. 698, 700 (388 SE2d 896) (1989). No such cause of action existed in the case at bar, as the vehicle involved in the accident was neither a common carrier nor contract carrier. "It follows that [Sorrow] has no cause of action arising under the 'Motor Common Carrier' [or Motor Contract Carrier] article and that [National Union] is not subject to a direct pre-judgment action pursuant to OCGA § 46-7-12 [or § 46-7-58]. The trial court erroneously denied [National Union's] motion for summary judgment." Id. at 701. Accord *Wolverine Ins. Co. v. Strickland*, 116 Ga. App. 62 (156 SE2d 497) (1967) (in which this court refused to find the insurer liable because

there was no evidence that the vehicle was being driven as a motor carrier at the time of the injury). See generally *Ellerbee v. Interstate Contract Carrier Corp.*, 183 Ga. App. 828 (3) (360 SE2d 280) (1987).

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JANUARY 16, 1992.

*Chambers, Mabry, McClelland & Brooks, Wilbur C. Brooks, Stuart K. Theodore,* for appellant.

*Kim G. Meyer,* for appellee.